Arthur CHEEK, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54810.

Supreme Court of Missouri, Division No. 1.

Nov. 9, 1970.

Elvis A. Mooney, Bloomfield, Charles M. Cable, Kennett, C. H. Parsons, Jr., Dexter, for movant-appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

On April 11, 1958, a jury returned a verdict finding movant (hereinafter referred to as defendant) guilty of murder in the first degree and fixing his punishment at life imprisonment. A motion for new trial was filed and overruled but defendant did not appeal. He made an ineffective attempt to appeal by filing a pro se motion in this court for a special order of appeal under the provisions of S.Ct. Rule 28.07, V.A.M.R. That motion was sustained on September 8, 1958, and he was authorized to file a notice of appeal in the Circuit Court of Stoddard County without payment of docket fee. Defendant did not file the notice, however, and after the time had expired within which it could have been filed, the cause was ordered stricken from the docket.

On June 3, 1968, defendant filed a motion pursuant to S.Ct. Rule 27.26, V.A.M.R., to vacate and set aside the aforementioned judgment. The only allegation in the motion which has been briefed on this appeal is that defendant did not have competent and effective assistance of counsel in his trial. The trial court appointed counsel for defendant and at defendant's request ordered that the reporter prepare a transcript of the original trial and furnish copies to the attorneys.

At the hearing of the motion the only testimony offered by defendant was his own. He stated that with the assistance of his brother he employed the Honorable James V. Billings to defend him in this matter; that Judge Billings represented him at the coroner's inquest, the preliminary hearing, and at the trial in the circuit court. When asked to state his complaints concerning his attorney's conduct of the trial he related the following: (1) that he failed to comply with his request that witnesses Nadine Carter, Jean Anderson, Charlie Williams, and himself (defendant) be recalled to the stand for further testimony; (2) that he refused to call as witnesses a Mr. Crim and a Mr. Carter; (3) that he failed to call as witnesses Dr. Hoctor and Dr. Shumaker, although they were present at the trial; (4) that he refused to request that the judge order policeman Kirkman to test the shotgun defendant was alleged to have used to see if it would fire, and (5) that, although requested, his attorney did not come to see him between the date of the verdict and the day he was sentenced.

Testimony was offered by the State to the effect that Judge Billings had served as circuit judge for a period of 20 years prior to December 31, 1952, and from that date until about 1960 had practiced law; that in 1960 he retired and at the time of this hearing lived in Atlanta, Georgia.

The trial court overruled the motion to vacate and in so doing made findings which included the following: "The movant was represented at all times by able counsel whose experience and ability was put to full use in the trial of the case and, from the reading of the record, it would appear that the skill and ability of the attorney played a large part in saving the movant from receiving the death penalty. * * * Even though movant may have shown that he was not pleased with the manner in which the trial was conducted, such errors may not be considered in support of a motion to vacate * * *. The principal complaint of movant centers around trial strategy. In this regard movant is bound by his trial counsel's decision as to trial strategy, and the court will not disturb the strategy of counsel unless the attorney's conduct amounts to breach of legal duty. There is no showing in this case that the trial counsel failed in his legal duty to the movant. * * * The movant has failed to show that his constitutional rights were violated and has not met the burden of proof necessary for the relief he seeks under Supreme Court Rule 27.26."

In our consideration of defendant's contentions we are mindful that under the provisions of S.Ct. Rule 27.26(j) the burden of proving the grounds for relief is upon the movant and that upon appeal our review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous."

■ The first point relied on is that the trial court erred in failing to vacate the judgment because defendant's constitutional rights were violated when the Supreme Court dismissed his attempt to appeal and failed to appoint counsel to assist defendant in preparation of an appeal. We will not review this contention because it was not raised in defendant's motion to vacate, was not considered by the trial court, and may not be raised for the first time on appeal. Fritz v. State, Mo.Sup., 449 S.W.2d 174; Harris v. State, Mo.Sup., 443 S.W.2d 191 [2]; State v. Hegwood, Mo.Sup., 415 S.W. 2d 788 [4].

■ The remaining contention is that "the trial court erred as a matter of law in failing to sustain a motion to set aside or vacate the sentence imposed by the trial court in that the evidence conclusively shows that appellant was denied and deprived of effective assistance of competent and able counsel at the time of trial in violation of appellant's constitutional rights guaranteed by the Constitutions of the United States and the State of Missouri."

At the outset of our consideration of this point we observe that the transcript of the original trial indicates that this was a difficult case to defend. As an indication of the setting in which the homicide was committed we note that the widow of the deceased testified that she, her husband, and two of their children were in the living room of their home when defendant opened the front door and immediately shot her husband with a shotgun, killing him instantly. The defendant's plea was "not guilty by reason of temporary insanity." We observe generally that Judge Billings cross-examined most of the State's witnesses vigorously and extensively and that he called twenty-five witnesses for the defendant in an effort to establish the defense. This evidence included testimony that deceased had threatened to kill defendant.

We have heretofore set out the matters concerning which defendant complains. We will not discuss each one but will mention some which appear more important. For example, he complained that his attorney would not recall the widow for further cross-examination, saying "I wanted him to bring up the way they was setting on the davenette, how big that house was, and

he would not put her back on the stand for questioning." We note that this witness had been cross-examined extensively as shown on 32 pages of the transcript and we cannot see how the additional facts desired to be shown could have aided defendant's case. Defendant apparently had been sent to the State Hospital at Farmington for examination. Two doctors from that hospital were subpoenaed by defendant and were present at the trial, but after Judge Billings conferred with them they were not used. Defendant complains of that fact. It seems obvious to us that Judge Billings, after interviewing those witnesses, must have decided that their testimony would not have benefited defendant. Also, the fact that the attorney did not see the defendant between the date of the verdict and time of sentence would not indicate ineffective assistance of counsel. Judge Billings filed a motion for new trial and was present and conferred with defendant at the time of sentence and that would appear to be adequate.

The rule, as defendant contends, is well settled that a defendant is entitled to the effective assistance of counsel at all critical stages of his trial. Williams v. United States, 8th Cir., 402 F.2d 548. However, most of the omissions of which defendant complains were trial decisions and it is the established rule that an appellate court will not review or reassess by hindsight the judgment of defense counsel on questions of strategy, trial tactics, or trial decisions. See Holt v. State, Mo.Sup., 433 S.W.2d 265 [3], Holbert v. State, Mo.Sup., 439 S.W. 2d 507 [2], State v. Keeble, Mo.Sup., 399 S.W.2d 118 [16], and Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967). In Holbert we stated that "an accused is bound by his counsel's decision as to trial strategy, United States v. Bertone, 3d Cir., 249 F.2d 156, and he can complain of the acts of employed counsel only if they resulted in making the trial proceedings a farce and mockery." 439 S.W.2d l. c. 509. The wisdom of the rule is demonstrated by the situation in this case. The defendant, with a seventh grade education and no legal knowledge, could not make sound decisions as to admissibility of evidence, the recalling of witnesses, or other trial tactics. Those matters, of necessity, had to be left to the judgment of his attorney.

Defendant's counsel also state in the brief that Judge Billings "failed and neglected to file a notice of appeal and perfect such an appeal." In that connection we note that, although defendant was asked specifically concerning the matter, he did not testify that he requested that his attorney take steps to appeal. Moreover, that alleged omission would not appear to be important because defendant thereafter obtained a special order which authorized him to file a late notice of appeal and, although he had almost nine months in which to file such a notice, he did not do so.

We have concluded, as did the trial court, that defendant was vigorously and skillfully represented in the defense of his case and hence we disallow the contention that he was deprived of the effective assistance of competent counsel.

Judgment affirmed.

All concur.