**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald Lee JACKSON, Defendant-Appellant.**

**No. 35058.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 18, 1974.

Edwards, Seigfreid, Runge & Hodge, Inc., Mexico, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Audrain County, Mexico, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

SIMEONE, Judge.

This is an appeal from a judgment and sentence of the Circuit Court of Audrain County on December 4, 1972 sentencing the appellant, Donald Lee Jackson, to a term of forty years in the Missouri Department of Corrections for the offense of assault with a deadly weapon with intent to maim and rob with malice aforethought. We affirm.

On January 10, 1964, the appellant, Jackson, was charged by information in two counts with the offenses of robbery first degree and assault with malice with a deadly weapon with intent to maim and rob one John E. Jacobsmeyer. The information alleged two prior convictions: (1) burglary on April 4, 1960 in Audrain County and (2) stealing over fifty dollars on June 30, 1961 in Boone County. On June 1, 1964 appellant appeared before the court and counsel was appointed for him. On August 12, 1964, the prosecutor having dismissed Count I, relating to the robbery, and the appellant requesting and being granted leave to withdraw his plea of not guilty, pleaded guilty to Count II—assault with a deadly weapon. Imposition of sentence was suspended pending pre-sentence investigation and on August 31, 1964, appellant, appearing with counsel was sentenced to forty years imprisonment. Appellant then moved to vacate his sentence which was denied by the circuit court and affirmed by our Supreme Court on February 22, 1972. Jackson v. State, 476 S.W.2d 598 (Mo. 1972). Subsequently "a proceeding" was filed in the United States District Court which "in effect" reversed the Missouri Supreme Court's affirmance of the order overruling the motion to vacate. Then on November 20, 1972, the Supreme Court of Missouri sustained the motion and set aside the circuit court judgment overruling the motion to vacate. Jackson v. State, No. 56,381, November 20, 1972. The Supreme Court ordered the Circuit Court of Audrain County to vacate the judgment and sentence of August 31, 1964 and to fix a time for a hearing for "reconsideration of the sentence to be imposed on appellant's plea of guilty to the charge of assault with a dangerous and deadly weapon, with malice, and for the imposition of a proper sentence. . . ." The Circuit Court was ordered and directed "not to give any consideration to any prior conviction of appellant which is unconstitutionally invalid under the rulings in Garret v. Swenson, 8 Cir., 459 F.2d 464, and United States v. Tucker, 404 U.S. 443 [, 92 S. Ct. 589, 30 L.Ed.2d 592]." The next day, in compliance with this order, the Circuit Court ordered the defendant to be brought before the court for resentencing, and appointed a member of the bar to represent him at resentencing.

On December 4, 1972, appellant and his counsel appeared before the court. At the hearing the Court found that in the 1961 conviction for stealing in Boone County, the appellant had validly waived counsel, and in the 1960 conviction for burglary in Audrain County the record showed that appellant was represented by counsel and that that conviction was "constitutionally valid." Appellant was granted allocution and the Court thereupon resentenced the appellant and fixed the punishment for the offense of assault with intent to maim and rob with malice aforethought at a term of forty years.

Appellant Jackson appeals this judgment and sentence contending that the "error found by the Supereme [sic] Court of Missouri in the first sentencing of appellant has not been cured by the hearing which resulted in exactly the same sentence." He argues that the "constitutional infirmity inherent in the original sentencing. . . was not cured by a mere rehearing which resulted in the same sentence as had been imposed at the original hearing." We cannot agree.

 It has been held that a conviction obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) may not be used to enhance punishment for another offense. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Furthermore, a sentence which is tainted by a consideration of a constitutionally invalid conviction cannot stand, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), and a defendant is entitled to have his sentence reconsidered when the trial court considered an allegedly invalid conviction in imposing sentence. Garret v. Swenson, 459 F.2d 464 (8th Cir. 1972). In accordance with these decisions, the circuit court was directed in the order of the Supreme Court "not to give any consideration to any prior conviction of appellant which is unconstitutionally invalid. . . ." On rehearing the circuit court examined the earlier convictions in Boone and Audrain Counties and found that in one the appellant had waived counsel and in the other according to the official records that appellant was furnished counsel. The record shows that neither of the prior convictions considered by the trial court in imposing sentence was constitutionally defective. On resentence, therefore, the court, as directed, did not consider any unconstitutionally invalid sentence. The sentence imposed, although the same as the earlier one, was within the range of punishment authorized by § 559.180, RSMo, V.A.M.S. State v. Rapp, 412 S.W.2d 120, 125 (Mo. 1967).

The authorities cited by appellant are not dispositive of the issue here. We find no error.

The judgment and sentence are affirmed.

DOWD, C. J., and WEIER and KELLY, JJ., concur.