STATE of Missouri, Respondent,

v.

Michael E. SMITH, Appellant.

No. KCD 27003.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Hill, McMullin & Wilson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

WASSERSTROM, Judge.

■ Defendant appeals from a conviction for first degree robbery. He assigns as error the trial court's refusal to give his requested converse Instruction No. 13 and its refusal to give any converse instruction at all. The latter part of his point is without merit. A converse instruction is not part of the law of the case and therefore is not one which the court is required to submit, unless requested. State v. Banks, 491 S.W.2d 247 (Mo. 1973); State v. Engberg, 377 S.W.2d 282 (Mo.1964).

The refused instruction in question is Instruction No. 13:

"Even if you find and believe from the evidence beyond a reasonable doubt that Billy Lynch was robbed, nevertheless, if you do not find and believe from the evidence, beyond a reasonable doubt, that at the time of the alleged robbery, referred to in Instruction No. ———, the defendant was the person who committed the act, you must find the defendant not guilty of the offense of robbery."

■ While the trial court is ordinarily required to submit a requested converse instruction, and failure to do so is prejudicial error, this rule does not apply when the requested instruction is improper in form. State v. Smith, 485 S.W.2d 461 (Mo.App.1972); State v. Engberg, 377 S.W.2d 282 (Mo.1964). The Instruction No. 13 requested by defendant here was completely non-consonant with the simple form of submission authorized by MAI–CR 3.02, but of course that form was not man-

datory at the time of the trial below. Even so, the instruction in the form submitted was so argumentative and confusing as to fully justify refusal. Particularly objectionable are the references to the "alleged" robbery and to commission of "the act" without specification of what act is being called into question. In the latter connection, it must be noted that the State's principal instruction follows MAI–CR 7.60 and required 1) a taking, 2) the causing of fear of immediate injury, 3) the use of a dangerous and deadly weapon, and 4) an intent to permanently deprive the owner of his rights. The proposed converse did not specify which of these elements, if any, were being challenged. State v. Robinson, 507 S.W.2d 61 (Mo. App.1974).

Affirmed.

All concur.