**STATE of Missouri, Respondent,**

v.

**Calvin GARRETT, Appellant.**

**No. KCD 26709.**

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

William T. Bernard, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

DIXON, Chief Judge.

Calvin Garrett was convicted by a jury of kidnapping and assault with intent to do great bodily harm with malice. He was sentenced by the jury to six years for kidnapping and five years for the assault, the sentences to run consecutively. Although granted an additional thirty days to file a motion for new trial, no such motion was filed. On this appeal, defendant contends as "plain error" under Rule 27.20(c): an in-court identification was invalid because based on overly suggestive police tactics; the evidence was insufficient to prove malice aforethought and deliberation, with an intent to kill; and, the court erred in allowing the prosecution to engage in closing argument calculated to arouse the personal passions, hostilities, prejudices and fear of the jury. We affirm.

The complaining witness was abducted on January 18, 1972, at about 5:30 p.m., as she was leaving her place of employment. As she started to enter her car, a Negro man, wearing a ski mask and carrying a gun emerged from a nearby parked car. When she screamed, he threatened to blow out her brains and forced her into the rear seat of her car. The man then put a bag over her head and handcuffed her. While this was occurring, the abductor asked if "Lois" had left work yet. Lois was a co-employee of the witness. She was driven to a garage apartment, taken up one flight of stairs, where her abductor removed her handcuffs, her coat and boots, and then handcuffed her hands behind her back. The man said he was leaving for a short time, but warned her not to move, as he would be nearby. She did not move for fifteen or twenty minutes, but then decided to try to escape. She worked the bag off her head, slipped her boots on, grabbed her coat, and fled to the nearest house. She knocked on the door, and as someone opened it, she was grabbed and dragged sideways off the porch. She saw her abductor's bare face, illuminated in the porch light. She recognized the man's face and voice as familiar, but could not place him.

The man dragged her back up the flight of stairs, stated, "You're all messed up," picked her up and threw her off the porch to the ground ten feet below. The victim,

uninjured, fled again, this time to a well lighted main street nearby, where she thought someone might stop and help her. She again viewed her attacker in good lighting, when her attacker, who had followed, dragged her off a street to an alley behind some houses. He then pointed a gun at her, stating, "You know who I am so I'll have to get rid of you." The victim convinced him she did not know him, and he let her go. She went to a nearby house and called the police.

The police, in the meantime, had been to the garage apartment in response to a disturbance call from neighbors. They obtained access to the apartment by request to the owner-landlord, who had reported someone had seen a white woman being dragged up there, and who identified the apartment as being rented by Calvin Garrett, the defendant. He identified a picture found by the officers inside the apartment as being of Calvin Garrett. The officers took the picture with them. Upon leaving the apartment, the officers got a call from the dispatcher reporting the victim's telephone call and location. The officers went to the address and unhandcuffed the victim. She stated she knew who the man was and had seen him several times before, but could not remember where. After some consultation with each other, the officers decided to show the victim the single picture of the defendant. The victim testified that, when the officers showed her the picture which she immediately identified as her abductor, "one of the officers said a name something like Garrett, or something like that, and I said 'Calvin Garrett,' and then I remembered it was a man I worked with."

Calvin Garrett had worked in the body shop of Broadway Ford where the victim was a switchboard operator. She had seen him three or four times in the body shop and had heard his voice over the telephone.

■ There was no motion for a new trial and the claims of error are predicated upon a review as plain error under Rule 27.20(c). Such a review requires not only that error be found but that the error be such that a strong clear showing that injustice or miscarriage of justice will result. State v. Carpenter, 436 S.W.2d 748 (Mo. 1969).

■■ The defendant contends that the showing of only one picture (that of defendant) to the victim was so overly suggestive as to prejudice her in-court identification. State v. Goff, 516 S.W.2d 818 (Mo.App.1974), relying on Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and on State v. Parker, 458 S.W.2d 241 (Mo.1970), holds that the showing of a single photograph does not require a suppression of eye witness identification when there are other factors supporting the identification. The showing of only one picture to the victim is suggestive and certainly not the most appropriate way to solicit a photographic identification. However, here, as in State v. Goff, there is an independent basis for the identification. She worked at the same place as defendant, had seen him there three or four times previous to the incident, saw him clearly twice during the incident, knew his voice and face were familiar and, when shown the picture, was able to identify it as a picture of her abductor, and in addition, she made positive, unequivocal identification, both at a line-up and in court. The circumstances here are even more supportive of the identification than in *Goff*. No error occurred in permitting the in-court identification, much less such error as would require reversal under Rule 27.20(c).

■ The second issue raised is equally without substance. Defendant's brief in this point refers to error in overruling a motion for directed verdict at the close of the State's evidence. The defendant offered evidence in the cause and is, therefore, unable to raise such a claim of error. State v. Hill, 438 S.W.2d 244, 247 (Mo.

1969). Even if considered as a claim of error in overruling the defendant's motion at the close of all of the evidence, it will not avail. The thrust of the defendant's argument is that the evidence fails to disclose the requisite malice and deliberation with intent to kill. The jury verdict of guilty requires that the evidence be viewed in the light most favorable to the verdict and thus to accept all evidence, and inferences therefrom, which support the verdict and reject all evidence to the contrary. State v. Bizzle, 500 S.W.2d 259, 261 (Mo. App.1973). So viewed, the evidence amply and sufficiently demonstrates that the requisite malice and deliberate intent to kill were present. The lying in wait, the handcuffing and threats of violence, coupled with the hurling of the handcuffed victim from the second story porch, are but the principal items of evidence supporting an inference of such malice and intent. Again, there is no error, and certainly not plain error.

Defendant's final point concerns the State's closing argument. Defendant relies on State v. Raspberry, 452 S.W.2d 169 (Mo.1970), in which an argument properly objected to and which was properly reviewable was declared erroneous because it invited the jury to consider that they themselves might be victims of future criminal acts of the defendant. No such argument was made here. The State's argument was primarily addressed to law enforcement and the responsibility of the jury in that regard. Such argument is proper, as well as the coupling of such an argument with a plea for adequate punishment and the result of the jury's failure to impose such punishment. State v. Pruitt, 479 S.W.2d 785, 790–791 (Mo.1972). Reviewing the argument as a whole, it is not an inflammatory argument; and no error appears.

The conviction is affirmed.

All concur.