**STATE of Missouri, Plaintiff-Respondent,**

v.

**James Edward ALBERTS, Defendant-Appellant.**

**No. 36116.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Feb. 11, 1975.

Charles D. Kitchin, Public Defender, Thomas J. Prebil, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Clarence Thomas, Asst. Attys, Gen., Jefferson City, Brendan Ryan, Thomas J. Kavanaugh, Jr., St. Louis, for plaintiff-respondent.

GUNN, Judge.

When arrested by two St. Louis police officers, defendant had the wristwatch of the subject of his prey in one hand, and his other hand was in the victim's pants pocket. The victim had been asleep on a park bench when the defendant conducted his "unlawful search and seizure." Defendant was convicted of stealing from a person under §§ 560.156 and 560.161 [1] and sentenced by the trial court under the Second Offender Act [2] to a term of five years imprisonment, the last 36 months of which were suspended.

Defendant, a Marine Corps Korean War veteran with an admitted alcohol problem, was passing through St. Louis on his way to a veterans hospital in Ohio for treatment when the episode leading to his arrest and conviction occurred. He challenges his conviction on two grounds: 1) that in an instruction given, there was a prejudicially erroneous deviation from MAI–CR 7.70; 2) that it was error to sentence him under the Second Offender Act, as his

1. Statutory references are to RSMo 1969.

2. § 556.280.

**564**

prior conviction was void for the reason he had not been represented by counsel. Defendant's first point is untenable but his second is meritorious. We therefore reverse and remand.

■ The defendant claims that the court erred in giving the following instruction:

## "INSTRUCTION No. 4

If you find and believe from the evidence, beyond a reasonable doubt:

First, that on or about October 7, 1973, in the City of St. Louis, State of Missouri, the defendant took a man's Modaine wristwatch owned by Theodore Cherry, and

Second, that the property taken was taken from a person, and

Third, that the property was taken by the defendant with the intent to permanently deprive Theodore Cherry of his use of such property and to convert it to the use of defendant, and

Fourth, that the property was taken by the defendant without the consent of the owner,

Then you will find the defendant guilty of stealing from a person.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

(MAI–CR 7.70)"

Defendant comments that Instruction No. 4 does not state a value for the stolen wristwatch; that Instruction No. 4 does not place the language of paragraph Second within paragraph First and thereafter delete paragraph Second as suggested in the Notes on Use accompanying MAI–CR 7.70. Defendant therefore submits that Instruction No. 4 is prejudicially faulty. We disagree.

The charge against defendant was stealing from a person, a felony under §§ 560.-156 and 560.161. Thus, it was appropriate to omit from the instruction any reference to the value of the property stolen. State v. Campbell, 386 S.W.2d 383 (Mo.1965); MAI–CR 7.70, Notes on Use. The only deviation of the given instruction and MAI–CR 7.70 was that the wording in paragraph Second should have been included in paragraph First with the following paragraphs renumbered. We hold that such deviation was not prejudicially erroneous.

■ The defendant's second point concerns his being sentenced by the court under the Second Offender Act. To establish a prior felony for proceeding under the Second Offender Act, the State introduced, over defendant's objection, a certified copy of a document from the Common Pleas Court of Montgomery County, Ohio which recited that in 1956 defendant was convicted of operating a motor vehicle without the owner's consent, a felony, and sentenced on such charge. The standard form document contained blank spaces to be filled in with the names of the prosecuting attorney, defendant and defendant's counsel. The names of the prosecuting attorney and defendant were inserted but no name appeared in the space intended for the name of defendant's counsel. Instead, the space contained two dashes and a period causing the document to read as follows:

"This day came the Prosecuting Attorney Mathias H. Heck on behalf of the State of Ohio, and the Defendant James Edward Alberts being brought into Court in custody of the Sheriff, with his counsel ––."

The foregoing clearly indicates to us that the defendant did not have the benefit of counsel at the 1956 Ohio proceedings.

The unconditional and absolute constitutional right of a person charged with a felony to have benefit of counsel attaches at

the pleading stage of the criminal process, including at the time a guilty plea is entered. Boyd v. Dutton, 405 U.S. 1, 92 S. Ct. 759, 30 L.Ed.2d 755 (1972); Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L. Ed.2d 70 (1962). In Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), it was held that the right to assistance of counsel in a criminal trial was essential to a fair trial, and conviction without such assistance was violative of the Fourteenth Amendment; that the noble ideal of every defendant being equal before the law "cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him," 372 U.S. at 344, 83 S.Ct. at 796. The Gideon principle requiring that counsel be accorded to those accused of a felony applies on pleas of guilty as well as for trial. Davis v. Holman, 354 F.2d 773 (5th Cir. 1965), cert. denied, 384 U.S. 907, 86 S.Ct. 1343, 16 L.Ed.2d 539 (1966). The impact of Gideon was held to be fully retroactive in Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971) and Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963), as well as in other U. S. Supreme Court decisions. Therefore, the protective aegus of Gideon has been made available to the defendant as we consider the validity of using his 1956 Ohio conviction as the basis for his trial here under the Second Offender Act, for a constitutionally invalid sentence cannot stand or serve as grounds for punishment or sentencing in this case. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); State v. Jackson, 511 S.W.2d 447 (Mo.App.1974).

This case is not dissimilar from Burgett v. Texas, supra, where a certified copy of a document of conviction from another jurisdiction which recited that defendant had appeared "in proper person" but did not contain any reference to an appearance of counsel, named or unnamed, was held to raise a presumption that the defendant was denied a right to counsel thereby rendering his prior conviction invalid.

We hold that the two dashes and period mark in the space intended in the conviction form for the denomination of counsel is clear indication that defendant had no attorney representing him in his 1956 Ohio conviction thereby making such conviction void for the purpose of establishing a prior conviction under the Missouri Second Offender Act.[3] The Ohio conviction was thus an impermissible foundation for use in convicting and sentencing defendant under the Second Offender Act. Any other holding would be out of phase and dissonant with Gideon and subsequent developments therefrom.

Judgment is reversed and remanded.

SIMEONE, P. J., and McMILLIAN, J., concur.

---

3. Compare with Clem v. State, 254 Ark. 580, 495 S.W.2d 517 (1973), which held a document reciting, that defendant "appeared in person, his counsel also being present," but without naming his attorney gave reason to assume that defendant's counsel was in fact present. Our holding is not out of step with the Clem case nor State v. Brown, 476 S.W. 2d 519 (Mo.1972), relied on by the State, in which the conviction record specifically recited that defendant was represented by counsel; not so here.