STATE of Missouri, Plaintiff-Respondent,

v.

Edward SANDERS, Defendant-Appellant.

No. 37355.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Paskal, Edwards & Olian, Lawrence J. Permuter, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Edward Sanders appeals from a jury conviction of second degree burglary, § 560.045, RSMo 1969. He was sentenced by the court under the Second Offender Act, § 556.280, RSMo 1969, to a term of five (5) years imprisonment. Appellant alleges error with reference to a comment made by the prosecutor during closing argument in the refusal of the court to give a proffered converse instruction and in the court's decision to sentence under the Second Offender Act. We affirm.

Appellant does not challenge the sufficiency of the evidence. From the evidence the jury could find that appellant rode to 2017 Bredell Avenue, scene of the burglary, with three other people. Appellant and one Singleton approached and entered the house via the side porch. The resident of 2019 Bredell Avenue, the house next door on the porch side, saw the two men enter the house and had her mother call the police. Several policemen responded to the call within a few minutes. While some of the policemen watched the house exits, Officers Heberer and Clark, having noticed a missing pane of glass and marks near the lock on the door, entered the house. The appellant and Singleton were found hiding in a back bedroom of the house and arrested. Appellant was taken to the police station in the back seat of Officer Heberer's car. The following morning a check in the name of the resident of the burglarized house was found in the back seat of the police car.

Appellant presented a totally different version of the facts. Appellant claimed

that he believed that they had gone to the house to pick up some clothes from Singleton's relatives and that he was arrested on the side porch when he left the car and went to see what was delaying Singleton. One of the other occupants of the car supported appellant's story.

■■■■ Appellant's first allegation of error stems from the following statement made by the prosecutor during closing argument:

"There is an instruction that says the state has the burden of proving the defendant's guilt beyond a reasonable doubt. That's just what that means, beyond a reasonable doubt. It doesn't say beyond any doubt. There aren't many things in this world that can be proved beyond any doubt, and that certainly isn't the state's burden in a criminal case. . . ."

Although the alleged error was neither objected to at trial nor included in the motion for a new trial, appellant urges that we review this point as plain error under Rule 27.20(c), V.A.M.R. The court may consider statements made in closing argument as plain error, *State v. Brown,* 528 S.W.2d 503, 505 (Mo.App.1975); *State v. McClure,* 504 S.W.2d 664, 670 (Mo.App.1974). But to warrant relief the erroneous admission of the statements must have resulted in an injustice or a miscarriage of justice. *State v. Carpenter,* 436 S.W.2d. 748, 751 (Mo.1969); *State v. Garrett,* 518 S.W.2d 97, 99 (Mo.App. 1974).

An instructive case on this issue of prosecutorial arguments attempting to define reasonable doubt is *State v. Belleville,* 530 S.W.2d 392 (Mo.App.1975). We agree with the *Belleville* court that the prohibition found in the Notes on Use under MAI–CR 2.20 against a court's efforts to define "reasonable doubt" suggests that the prosecutor should be similarly prohibited, *id.* at 395. Assuming that the prosecutor's statement in the present case was improper, we, however, must further concur with the *Belleville* court that:

" . . . we cannot say here as a matter of law that a jury of reasonably intelligent men and women were confused and misled by the reasonable doubt definition in returning their verdict against this defendant."

As in *Belleville,* the prosecutor did not dwell on his interpretation of reasonable doubt and the evidence against the appellant was very strong. We do not find plain error in the admission of the prosecutor's statement.

■■■ Appellant's second contention is that the trial court proceeded improperly in assessing his punishment under § 556.280 RSMo 1969, because the record does not indicate that he was assisted by counsel in his prior felony convictions. The contention is frivolous. State's Exhibit 1(b) offered and admitted into evidence, was certified records of appellant's three prior felony convictions. The record of proceedings of each prior conviction expressly names the attorney that appeared with appellant in each instance. The case of *State v. Alberts,* 519 S.W.2d 562 (Mo.App.1975) relied upon by appellant is distinguishable. In *Alberts,* a prior conviction was held void for the purpose of establishing a conviction under the Second Offender Act because the space provided for the name of defendant's counsel in the record of his prior conviction was blank, *id.* at 564–565. In the present case, the court properly assessed punishment pursuant to § 556.280, RSMo 1969.

■■■ The appellant's final contention is that the trial court erred in refusing to read to the jury a converse instruction tendered by the appellant. The state had submitted a principal instruction patterned after MAI–CR 2.14 and 7.22. The court submitted its own converse instruction patterned after MAI–CR 3.06 which specifically negatived the state's principal instruction. The instruction tendered by the appellant read as follows:

"If you do not find and believe from the evidence beyond a reasonable doubt each and all of the following:

"First, that on May 30, 1974, defendant did wilfully, unlawfully, feloniously, acting with another, and burglariously, forc-

ibly break and enter a dwelling house located at 2017 Bredell, Maplewood, Missouri, the property of Kevin Smith, and

"Second, that on May 30, 1974, defendant did have the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property of Kevin Smith, then and there kept or deposited at 2017 Bredell,

"then you must find the defendant not guilty of burglary second degree."

■ While the court must generally give a requested converse instruction, MAI–CR 3.02, Notes on Use, the court need only do so if the converse is proper in form, *State v. Smith,* 515 S.W.2d 761 (Mo.App.1974); *State v. Drake,* 512 S.W.2d 166, 173 (Mo. App.1974); *State v. Robinson,* 507 S.W.2d 61, 65 (Mo.App.1974). In the present case, the appellant's converse was not proper because inclusion of the adverbs "wilfully, unlawfully, feloniously" and "burglariously, forcibly" violated the directive of MAI–CR 3.02 to drafters of converse instructions to "insert the single, essential element to be

negatived." The inclusion of these words also added elements to the offense as defined in §§ 560.040, 560.045, RSMo 1969, which were not a part of the state's principal instruction, *cf. State v. Drake,* supra, at 172–173. We also feel that the court fulfilled its duty to the appellant by submitting its own converse instruction to the jury which conformed to MAI–CR 3.06 and covered the defendant's theory, *cf. State v. Jewell,* 473 S.W.2d 734, 740 (Mo.1971). Refusal to submit appellant's converse instructions was therefore not prejudicially erroneous.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.