State v. Temple.

(No. 1.)

Division Two, March 6, 1906.

1. **ASSAULT WITH INTENT TO KILL:** Information. In a prosecution under section 1848, Revised Statutes 1899, for assault with intent to kill, it is not necessary that the information charge the assault to have been committed "on purpose and of malice aforethought."

2. **HANDCUFFING PRISONER.** It was not error to handcuff defendant while conducting him from the jail to the courthouse, and back again, especially in view of the fact that the sheriff made an affidavit that defendant was a desperate and dangerous man.

3. **DEFENDANT'S PRESENCE AT TRIAL:** Presumption. Where the record affirmatively shows that defendant was present at the time the jury was sworn, it will be presumed that he was present at all stages of the trial thereafter.

4. **ASSAULT:** Two Separate Crimes. The evidence showed that defendant drew his revolver and shot at one police officer and then immediately leveled his revolver at another officer, who grabbed it and with the aid of others took it away from defendant. *Held,* that two separate assaults were committed, and a conviction of the former was not a bar to a prosecution for the latter.

5. **INSTRUCTION:** Reasonable Doubt. An instruction on reasonable *doubt,* set out in the opinion, held correct.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel,* Judge.

AFFIRMED.

*Houston & Buckner* and *Jno. C. Moore* for appellant.

(1) The court erred in permitting defendant to be manacled and shackled in the presence of the trial jury, and a new trial should have been granted. State v. Kring, 64 Mo. 591, 1 Mo. App. 438; People v. Harrington, 42 Cal. 165; State v. Craft, 164 Mo. 650. (2) The record should show that the defendant was present during the trial and at the time verdict was received. Lewis v. U. S., 146 U. S. 370; Hopt v. Utah, 110 U. S. 578; Ball v. U. S., 140 U. S. 118; Dunn v. Com., 18 Pa. St. 103; Hooker v. Com., 13 Gratt. (Va.) 763; Dyson v. State, 26 Miss. 362; Day v. Territory, 2 Okla. 409; State v. Crocket, 1 S. W. 753; State v. Hope, 13 S. W. 493; Prince v. Com., 6 Pa. St. 384; State v. Buckner, 25 Mo. 167; State v. Cross, 27 Mo. 332; State v. Schoenwald, 31 Mo. 147; State v. Brauswing, 36 Mo. 397; State v. Mathews, 20 Mo. 55. (3) The record must affirmatively show that the jury was sworn to try the case. Howard v. State, 8 Tex. App. 612; Kerman v. State, 7 Tex. App. 326; Dirsch v. State, 14 Tex. App. 175; Barner v. State, 37 Ark. 61; Judah v. McNance, 3 Black (U. S.) 269; Mann v. Clopton, 3 Black (U. S.) 304; Lyman v. People, 7 Bradshaw 345; Porter v. Cass, 7 How. Pr. (N. Y.) 441; Cameron v. State, 5 Tex. App. 34; Berry v. State, 10 Tex. App. 315; Anderson v. State, 34 Ark. 257; State v. Schoenwald, 31 Mo. 147; Patterson v. State, 2 Eng. (Ark.) 59; Bell v. State, 5 Eng. (Ark.) 536; Sanford v. State, 6 Eng. (Ark.) 328. (4) That part of instruction 1 is erroneous which defines a reasonable doubt. State v. Blue, 136 Mo. 41. (5) Defendant having been tried and convicted of the assault made on officer Gibson could not be convicted of another assault committed and coincident with the assault with which he is convicted; that is, out of the one transaction the prosecutor can carve but one offense. Wright v. State, 17 Tex. App. 152; Sinco v. State, 9 Tex. App.

358; Wilson v. State, 45 Tex. 75; People v. McGowan, 17 Wend. (N. Y.) 386; People v. Smith, 57 Barb. (N. Y.) 46; Wilcox v. State, 40 Am. Rep. 53; Fiddler v. State, 7 Hump. (Tenn.) 508; State v. Chaffin, 2 Swan 493; State v. Cameron, 3 Heisk. 78; Wilson v. State, 24 Conn. 70; I Bishop Cr. Proc. (4 Ed.), sec. 894; 1 Wharton Cr. Law (6 Ed.), sec. 565.

*Herbert S. Hadley,* Attorney-General, and *Rush C. Lake,* Assistant Attorney-General, for the State.

(1)   The information is verified upon the oath of the prosecuting attorney and is sworn to upon information and belief.   Secs. 2477 and 2478, R. S. 1899, as amended by Laws 1901, p. 139; State v. Brown, 181 Mo. 226.   The information was not challenged by motion to quash.   (2)   The record shows that the jury was "empaneled and sworn to try this cause."   State v. Schoenwald, 31 Mo. 159.   (3)   Instruction 1 on reasonable doubt is a correct declaration of the law.   State v. Sacre, 141 Mo. 64; State v. Nueslein, 25 Mo. 111; State v. Duncan, 142 Mo. 460; State v. Garrison, 147 Mo. 554; State v. Adair, 160 Mo. 391. (4) The precautions taken by the sheriff and his deputies were entirely warranted while defendant was being conducted from the jail to the court room.   In fact, the officers might very reasonably have subjected themselves to criticism had they not shown such vigilance in the conduct of their duties. State v. Craft, 164 Mo. 650.   (5)   The testimony offered by the State, and none was offered by defendant, showed clearly and conclusively that there were two separate and distinct acts committed by the defendant. He was not in any sense in the act of defense, either of his person or property.   Wilson v. State, 24 Conn. 70; Whart. Cr. Law (6 Ed.), sec. 565; State v. Standifer, 5 Port. (Ala.) 531; 11 Am. and Eng. Ency. Law (1 Ed.), 943, 944; Vaughn v. Commonwealth, 2 Va. Cas. 273; People v. Warren, 1 Parker (N. Y.) 338; Green-

wood v. State, 64 Ind. 250; Davidson v. State, 99 Ind.
366.

BURGESS, P. J.—On the 14th day of June, 1904,
the prosecuting attorney of Buchanan county filed an
information in the office of the clerk of the criminal
court of said county, in which it is alleged that the de-
fendant, Sol Temple, on or about the 14th day of May,
1904, at said county, "did then and there, unlawfully,
feloniously and wilfully, in and upon one James Grable
make an assault, and did, then and there, feloniously and
wilfully point at and towards him, the said James
Grable, a certain . . . revolving pistol, then and
there loaded with powder and leaden balls, which he
the said Sol Temple in his right hand then and there
had and held, with the intent then and there him, the
said James Grable, feloniously and wilfully to kill and
murder, contrary to the form of the statute in such
cases made and provided, and against the peace and
dignity of the State."

The defendant was duly arraigned, and pleaded not
guilty. Thereafter, on the 15th day of August, 1904,
defendant was placed upon trial, found guilty, and
his punishment fixed at five years in the penitentiary.
In due time defendant filed motions for new trial and
in arrest, which being overruled, he saved exceptions,
and brings the case to this court, by appeal, for re-
view.

The facts of the case are but few, and are substan-
tially as follows: On the 14th day of May, 1904, a man
named Wilkerson called upon William P. Gibson, a po-
lice sergeant in the city of St. Joseph, to go to a livery
barn with him and see whether a team placed in the
barn by the defendant answered the description of a
team which had been advertised as stolen at Savannah,
Missouri, and of which the St. Joseph police officers had
a description. In company with Wilkerson, Gibson went
to a saloon in the neighborhood of the said barn, where

they found the defendant. Gibson explained to defendant that he was a police officer, and requested defendant to show him the team. On the way to the barn they were joined by officer Grable. Defendant stepped into the stall of one of the horses, and was engaged in untying it when Gibson remarked, "Why, this is not the team." Defendant was slow in backing out the horse, and Wilkerson, addressing defendant, said, "It takes you a long time to untie those horses; why don't you bring them out of there?" About that time Wilkerson saw defendant draw his revolver and shoot at Gibson, the ball striking Gibson in the face. So close was the revolver that the powder burned Gibson's face. The defendant then turned his revolver upon officer Grable, who testified at the trial that he was very close to defendant and that as soon as defendant aimed the revolver at him he grabbed it with both hands, his left thumb being placed behind the hammer. Defendant endeavored to wrench the revolver from the grasp of the officer and fire it off, but was unable to do so. With the aid of other persons, who went to the assistance of Grable, the defendant was finally subdued and placed under arrest for shooting officer Gibson. No testimony was offered in behalf of the defendant.

Over the objection and exception of defendant, the court gave the jury six instructions, but for the purposes of this opinion it is only necessary to incorporate two, the first and second, as they alone are criticised. They are as follows:

"1. The defendant is presumed to be innocent of the offense with which he stands charged, and this presumption continues throughout the case until overcome by evidence showing him guilty beyond a reasonable doubt; and if you have a reasonable doubt of defendant's guilt, you must acquit him; but such doubt to authorize an acquittal must be a substantial doubt founded on the evidence, and not a mere possibility of the defendant's innocence.

"2. If you believe and find from the evidence that the defendant, Sol Temple, at the county of Buchanan and State of Missouri, within three years before the filing of the information in this case, with a certain revolving pistol, loaded with powder and leaden balls, feloniously and wilfully made an assault on the witness, James Grable, with the intention of then and there killing him, the said James Grable, with said revolving pistol, you will find the defendant guilty of assault with intent to kill, and assess his punishment at imprisonment in the penitentiary for a term of not less than two nor more than five years, or imprisonment in the county jail for a term of not less than six months, nor more than one year, or by both a fine of not less than $100 and imprisonment in the county jail not less than three months, or by a fine of not less than one hundred dollars.

" 'Wilfully' as used in the foregoing instructions means intentionally, that is, not accidentally.

" 'Feloniously' means wrongfully, and against the admonition of the law.''

The defendant requested the following instructions, which were refused, and exceptions saved:

"1. The jury are instructed that if they find from the evidence that an assault was committed by the defendant on officer Grable, but that said assault was committed at the same time and was part of and was co-incident with an assault made upon one William Gibson, you will find the defendant not guilty.

"2. The jury are instructed that unless you find that the assault on officer Grable, complained of in the information filed in this case, is distinct and separate from, and forms no part of the assault on one William Gibson, for which defendant has already been tried and convicted, you will find the defendant not guilty.''

The first proposition with which we are confronted is as to the sufficiency of the information, which defendant insists is insufficient, in that it fails to charge that

the assault was made feloniously, on purpose, and of the defendant's malice aforethought, all of which, it is contended, is necessary in order to make the information good. If the information was under section 1847, Revised Statutes 1899, there would be much force in defendant's contention. [State v. Seward, 42 Mo. 206.] It is not, however, drawn under that section, but under section 1848, and is in accordance therewith. The information is for a felonious assault, "with intent to kill," and is not rendered defective by an omission to charge that the assault was committed "on purpose and of malice aforethought." [State v. Stewart, 29 Mo. 419; State v. Seward, supra.]

It appears from the record that while being conducted from the jail to the court house, and back again, as occasion demanded, the defendant was shackled and guarded by two officers, and that the shackles were removed from his hands in the presence of some of the jurors in the court room, and again placed on his hands at the adjournment of the court, while the jury was still in the court room, the effect of which was, as contended by counsel for defendant, to prejudice the minds of the jury against the defendant and cause them to believe him to be a dangerous and desperate man. In justification of the course pursued by the officers of the court in placing shackles upon the defendant while conducting him to and from the court house, where the trial was being held, the sheriff and one of his deputies who had charge of all prisoners confined in the jail, made affidavits duly setting forth that from information in their possession, which seemed to them reliable, the defendant was a dangerous and desperate man; that he had broken jail at Pond Creek, Oklahoma, on two different occasions while confined there for crime; that on one of these occasions the said defendant, while in the court room, drew two revolvers which had recently been supplied him, and, covering the officers with same, backed out of the court

house, mounted a horse in waiting outside, and made his escape; that at no time, when upon trial, was defendant shackled in the court room, but that the shackles were removed immediately upon his arrival there, and not put on again until the officers in whose charge he was were upon the eve of returning him to the jail. It appeared that this was the uniform custom of said officers in conducting prisoners to and from the court house when upon trial. It has been held by this court, following the common law rule, that when a prisoner is brought into court for trial, upon his plea of not guilty to an indictment for a criminal offense, he is entitled to make his appearance free from all shackles or bonds (State v. Kring, 1 Mo. App. 438; State v. Kring, 64 Mo. 591; State v. Craft, 164 Mo. 631; State v. Rudolph, 187 Mo. 67), and to justify the keeping of shackles upon the prisoner *during* the trial, there must arise, *during the trial,* some good reason therefor based upon the conduct of the prisoner, in the absence of which such action would be improper and would deprive the defendant of a substantial legal right, to his prejudice. But there is no pretense that the prisoner in this case was shackled during the trial. On the contrary, it clearly appears that he was not in any way deprived of the free and calm use of all of his faculties. We do not, however, intend to be understood as holding that any explanation was due from the officers in charge of the defendant for placing shackles upon him in taking him to and from the court house during the trial, for, according to defendant's own affidavit, he was not encumbered by hand-cuffs or other shackles during the progress of the trial and he has no ground of complaint that he was shackled when he was upon trial.

There is no foundation for the assertion that the record does not show the presence of defendant during the trial or that the jury was sworn to try the case, as it affirmatively shows these facts. It shows that defendant was present at the time the jury was sworn, and it

will be presumed that he was present at all stages of the trial thereafter.

Defendant insists that as he had been convicted of an assault made upon officer Gibson, he "could not be convicted of another assault committed and coincident with the assault of which he is convicted; that is, out of the one transaction the prosecutor can carve but one offense." But the facts disclosed by the record do not sustain defendant's position. They show that there were two separate and distinct acts or assaults committed by the defendant in rapid succession. When defendant shot Gibson, the offense was complete the instant the shot was fired, and the assault upon Grable as soon thereafter as the loaded pistol was leveled at him, with deadly intent. Defendant's proposition, as above stated, admits that there was *another assault* committed, which surely means that there was more than one. In 1 Wharton's Criminal Law (5 Ed.), sec. 565, it is said: "But where the act is separable into two distinct branches, as where a man at the same time assaults two persons . . . he may be convicted on separate indictments for each offense." In State v. Standifer, 5 Port. (Ala.) l. c. 531, the court says: "It is not of infrequent occurrence that the same individual, at the same time, and in the same transaction, commits two or more distinct crimes, and an acquittal of one will not to be a bar to punishment for the other." The same rule is announced in Vaughan v. Commonwealth, 2 Va. Cas. 273, and in Greenwood v. State, 64 Ind. 250. In 11 Am. and Eng. Ency. of Law (1 Ed.), 944, it is said: "If the two crimes are entirely separate and distinct acts, however closely they may be connected, and even though some of the ingredients of the one enter into the other, a prosecution for the one will be no bar to a prosecution for the other," etc. The test is, if upon the trial of defendant for feloniously shooting Gibson, he could not have been convicted of the crime charged in the present information, though the jury should have been satis-

fied that the defendant feloniously assaulted James Grable with intent to kill him, as charged, his former conviction for shooting Gibson is no bar to this prosecution. [Commonwealth v. Roby, 12 Pick. 496.]

There is no merit in the contention that instruction number one is erroneous in defining reasonable doubt. It logically follows from what has been said, that instruction number two is free from error, and that no error was committed in admitting evidence with respect to the assault by defendant upon Gibson.

Finding no reversible error in the record, the judgment is affirmed.

All concur.