THE STATE v. EDWARD RICE, alias BOB RICE, and HOMER HIGHT, Appellants.—149 S. W. (2d) 347.

Division Two, April 3, 1941.

*Roy McKittrick*, Attorney General, and *Arthur O'Keefe*, Assistant Attorney General, for respondent.

TIPTON, P. J.—In the Circuit Court of Jasper County at Carthage, Missouri, the appellants were convicted of first degree robbery by means of a dangerous and deadly weapon, to-wit, a pistol, and their punishment assessed at forty years' each in the State penitentiary. From this sentence they have duly appealed to this court.

Appellants have not filed a brief in this court; we will, therefore, examine their motion for new trial. The errors assigned in the motion are: The court's permitting the sheriff to keep appellants shackled during the empaneling of the jury; the refusal of the trial court to grant them a continuance; and the prejudicial argument of the prosecuting attorney.

Since appellants did not raise the question of the sufficiency of the evidence in their motion for new trial, it will not be necessary to state the facts in this case.

The record shows that appellants asked the court to declare a mistrial because they were brought into court in the presence of the entire jury panel handcuffed together. The court refused the request and stated, out of the presence of the jury, that on a previous occasion when court was being held at Joplin, the sheriff advised the court that one of the appellants had removed his handcuffs, that they had been hard to take care of, and that the sheriff was justified in using every precaution to safeguard their custody. The record does not show if the handcuffs were removed or if they were kept on appellants during the trial, but it does show that they were handcuffed in the court room in the presence of the entire panel.

"It has been held by this court, following the common-law rule, that when a prisoner is brought into court for trial, upon his plea of not guilty to an indictment for a criminal offense, he is entitled to make his appearance free from all shackles or bonds (State v. Kring, 1 Mo. App. 438; State v. Kring, 64 Mo. 591; State v. Craft, 164 Mo. 631; State v. Rudolph, 187 Mo. 67), and to justify the keeping of shackles upon the prisoner *during* the trial, there must arise, *during the trial,* some good reason therefor based upon the conduct of the prisoner, in the absence of which such action would be improper and would deprive the defendant of a substantial legal right, to his prejudice." [State v. Temple, 194 Mo. 228, l. c. 235, 92 S. W. 494.]

In the case of State v. Kring, 64 Mo. 591, the defendant made an assault upon a person in the court room three months before the trial. This court held that fact did not justify the trial court in permitting the defendant to be shackled, and reversed the case.

In this case neither appellant did anything *during* the trial that would justify the court in permitting them to be handcuffed in the presence of the jury in the court room, and their rights were substantially prejudiced.

It therefore becomes unnecessary to discuss the other questions raised as they will probably not reoccur in the next trial.

From what we have said, it follows that the judgment of the trial court should be reversed and the case remanded. It is so ordered. All concur.