256 S.W.2d 765 (1953)
STATE
v.
BOYD.
No. 43348.
Supreme Court of Missouri, en Banc.
March 9, 1953.
Rehearing Denied April 13, 1953.
Milton M. Metz, Director, Public Defender Bureau, Joseph Noskay, Assistant Director, Public Defender Bureau, St. Louis, for appellant.
J. E. Taylor, Atty. Gen., D. D. Guffey, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
In the circuit court of the city of St. Louis, Missouri, the appellant was convicted of murder in the first degree and his punishment assessed at death.
In his brief and oral argument in this court appellant makes only two assignments of error. He has, therefore, abandoned all other assignments of error in his motion for a new trial. State v. Johnson, 362 Mo. 833, 245 S.W.2d 43.
Appellant's first assignment of error is that the trial court erred in giving instructions 5 and 6 "in that they imposed upon the Defendant a higher degree of proof than the law required." Instructions 5 and 6 deal with appellant's defense of insanity.
The State contends that appellant's motion for a new trial does not allege any error in the giving of instructions 5 and 6 and, hence, the point is not before us for review. The State's Contention is supported by the record.
Section 547.030 RSMo 1949, V.A. M.S., provides in part: "The motion for a *766 new trial shall be in writing and must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." This statute is mandatory. State v. O'Brien, Mo.Sup., 252 S.W.2d 357; State v. Davis, Mo.Sup., 251 S.W.2d 610; State v. Hinojosa, Mo. Sup., 242 S.W.2d 1; State v. Loston, Mo. Sup., 234 S.W.2d 535; State v. Wilson, 361 Mo. 78, 233 S.W.2d 686. Therefore, this assignment is not before us for our review.
Appellant's last assignment of error is that the trial court should not have allowed appellant to be handcuffed and manacled in the courtroom during the trial. We have held that a prisoner on trial is entitled to be brought into court for his trial free from all shackles or bonds unless the conduct of the prisoner during the trial is such that there is some good reason for keeping shackles on the prisoner during his trial. State v. Kring, 64 Mo. 591; State v. Temple, 194 Mo. 228, 92 S.W. 494; State v. Rice, 347 Mo. 812, 149 S.W.2d 347.
The State contends that the appellant is not in a position to raise this assignment of error. Immediately prior to the empaneling of the jury and before the appellant was taken into the courtroom, appellant's attorney appeared in the chambers of the trial judge and asked the court whether or not it was proper for the appellant to be brought into the courtroom handcuffed. The court then asked appellant's attorney if he would be willing to sit next to appellant without his being so restrained, to which his attorney replied that he "wasn't sure."
This record shows:
"The Court stated then in view of the previous history of escape and in view of the defense that was to be set out, that is, insanity, and in view of the nature of the crime and in view of the information the sheriffs conveyed to the Court that the Court thought, for the protection of attorneys and jurors and witnesses and the Court and the Court attaches, that handcuffs should be placed upon the defendant. The attorney for the defendant stated that if handcuffs were going to be placed upon the defendant, since the defendant could use the handcuffs as a weapon and since the Court had decided that the handcuffs should be placed on the defendant, that the handcuffs should be attached to a belt so that the defendant would be unable to use the handcuffs or use his hands with the cuffs on his wrists as a weapon.
"The Court agreed with this and ordered the sheriff to handcuff the defendant while he was in Court and brought to and from Court and that the handcuffs should be attached to a belt around his waist and his hands would then be in a position of being over his belt with handcuffs placed thereon.
"No chains, leg manacles or any other form of restraint was used during the course of the trial, and handcuffs were placed upon the defendant during all times he was in the courtroom and the handcuffs were linked closely to a belt around the defendant's waistline, so that the defendant while he was in Court, had to keep his hands over his midsection."
This record fails to show any objection to the appellant's being brought into the courtroom wearing handcuffs. But on the other hand, it affirmatively shows that counsel for appellant actively participated in deciding how appellant should be brought into court wearing handcuffs. Under these circumstances, appellant is not in a position to raise this assignment of error. State v. Boone, 355 Mo. 550, 196 S.W.2d 794.
Finding no reversible error in the record, the judgment of the trial court should be affirmed. It is so ordered.
All concur.