**STATE of Missouri, Respondent,**

v.

**Lawrence WILLIAMS, Appellant.**

**No. 43134.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

William J. Shaw, Public Defender, Glenn Hunt, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Lawrence E. Williams guilty of stealing a credit card (§ 570.030 2.(3)(c)). It fixed his punishment at seven months in prison. The state had also charged defendant was a persistent offender (§ 588.016 2.) and the trial court so found. It sentenced him to two prison terms, seven months and seven years.

This appeal concerns the extended term a court may impose on a persistent offender. (§§ 558.016 2. and 558.021, RSMo. 1978).

The issue here arose when the trial court sentenced defendant to seven months for stealing and also to an additional seven years as a persistent offender. The cited statutes allow an extended term but not an additional term.

On the day after the two sentences the trial court saw its error in imposing two sentences. Then *nunc pro tunc* it sought to correct the seven-month sentence; this by ordering defendant paroled therefrom and that the seven months be served concurrently with the seven years. Although that order cut down prison time to the proper seven year level, it left the record showing two convictions.

Defendant now complains he was punished twice for the one offense of stealing a credit card. He cites cases holding a persistent offender statute does not create a separate offense. We agree. But we deny his argument the error nullifies the seven-year sentence.

In *State v. Baker*, 524 S.W.2d 122 [7] (Mo.banc 1975), the court ruled: "The statutory provision in question (mandatory consecutive sentences) affected only the sentencing of appellant, not his trial... Accordingly, the judgment of the trial court is reversed and the case is remanded for sentencing..." And, in *State v. Morgan*, 592 S.W.2d 796 [14, 15] (Mo.banc 1980), the court set aside a double conviction for murder and stealing; it remanded the case to the trial court to enter a new judgment.

So, we reverse and remand, and instruct the trial court to resentence defendant to seven years in prison.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.