STATE of Missouri, Respondent,

v.

James R. SLATER, Appellant.

No. WD 32329.

Missouri Court of Appeals,
Western District.

March 16, 1982.

As Modified May 4, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

This direct appeal follows a jury conviction for stealing, a Class C Felony under § 570.030, RSMo 1978 and the imposition of an extended sentence by the trial court.

Appellant presents five points of error, charging that the trial court (1) committed plain error upon failing to instruct the jury as to the range of punishment; (2) erred in extending appellant's sentence without making specific findings of fact of the existence of the basis for the extended term, in violation of § 558.021, RSMo 1978; and (3) erred in imposing the extended term because it was without jurisdiction to do so under § 558.016, RSMo 1978. Appellant also argues (as his fourth error) he was not required to preserve for appellate review the issue of extended sentences because this court, pursuant to Rule 30.20, is required to review the sufficiency of such sentences. Appellant charges (as his fifth error) that the trial court cannot resentence him if his extended term is vacated because such resentencing would multiply punishment for a single offense.

The sufficiency of the evidence is not challenged. The jury could reasonably find that during the early morning hours of August 24, 1980, local police officers were on a stakeout in the vicinity of 1826 Grand Avenue in Kansas City, Missouri. An earlier report to the police advised them that a van parked at the rear of a building at this location had been broken into and items taken from it (the van) had been placed beneath it. The purpose of the stakeout was to apprehend anyone if they returned to the scene. At approximately 5:15 a. m., an individual later identified as appellant approached the van, stacked some of the items in a pile and then walked away with some of these items in his possession. The police shouted for him to halt and appellant dropped the items and fled. The officers gave chase, apprehended appellant, and returned him to the scene. The property taken consisted of radio and hi-fi items with a value in excess of $150.00. Appellant offered no evidence. The jury found him guilty of stealing and assessed punishment at six months confinement in the county jail. The trial court entered judgment in accordance with the jury's verdict and upon a finding that appellant was a persistent offender, sentenced him to an extended three-year sentence. This appeal followed.

■ Appellant's point (1) charges plain error in the submission of the verdict-directing instructions because those instructions did not instruct the jury as to the range of punishment authorized by § 557.-036, RSMo 1978. Appellant argues that this alleged error thus deprived him of the lesser punishment of a fine and would have prohibited the trial court from finding him to be a persistent offender under § 557.036, RSMo 1978. Section 557.036 requires the jury to first assess a term of imprisonment before the trial court can find appellant to be a persistent offender.

In disposing of this issue, it suffices to say that the challenged instructions were in conformity to the requirements mandated by MAI–CR2d 24.02.1 and MAI–CR2d 2.60, Notes on Use 2. Further, the argument proposed by appellant has been squarely and precisely ruled upon by our State Supreme Court in *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). In *Van Horn*, the court ruled that there was no error in the trial court's failure to instruct the jury concerning possible imposition of a fine in lieu of or in addition to other punishment. In *Van Horn*, the court construed § 560.026, RSMo 1978 as a guideline for the *court*. As to § 557.036.2, RSMo 1978 that the jury shall "assess and declare the punishment as part of their verdict", the court ruled that the jury's verdict "must necessarily refer only to the punishment which the jury is authorized by statute to determine and declare. As we have construed the sections under consideration, a workable plan results for the role of the jury and of the court ..." *Van Horn* at 877. It is correct that the Supreme Court in *Van Horn*, at 877, citing *State v. Blake*, 620 S.W.2d 359 (Mo. banc 1981), stated that perhaps a jury should be instructed that "its role in sentencing, under some circumstances, is merely advisory." The court further pointed out that in *Blake*, a modification of MAI–CR2d 31.12 was made, but that such modification was applicable only to *Blake*. The instant case falls squarely within the rule in *Van Horn* and it was not error, plain or otherwise, for the court not to have instructed

the jury as it did herein in conformity with MAI–CR2d 2.60 and MAI–CR2d 24.02.1. There is no merit in appellant's challenge to the court's instruction and it follows that there is no merit to his argument that the trial court was thus prohibited from finding him to be a persistent offender under the criteria prescribed by § 557.036. Point (1) is without merit and is ruled against appellant.

■ Under point (2), appellant argues that the trial court erred in sentencing him to a term of six months pursuant to the jury verdict and then extending his sentence by three years without first making specific findings of the existence of the basis for the extended term. The record reveals, following presentation of evidence on prior felony convictions by respondent, objection by appellant to the evidence and a discussion with appellant's counsel regarding same, that the court stated:

> "THE COURT: Well, the Court is aware of that portion of the defendant's record. The Court finds that defendant was previously convicted of two or more felonies. The Court finds that defendant is a persistent offender."

In *State v. Thompson*, 629 S.W.2d 369 (Mo.banc 1982) [opinion of the Missouri Court of Appeals, Western District, 629 S.W.2d 361 (1981), adopted by the Missouri Supreme Court on March 9, 1982, case number 63325] the court stated at pp. 368–369 of the opinion:

> The previous convictions were the basis for extended punishment as a persistent offender. They were proved by evidence on that separate issue after the jury verdict. The defendant does not dispute the validity of that proof as the basis for an extended term, *if specifically found* to that effect. The court found: 'that the defendant is one who has been previously convicted of two felonies at different times, and not related to the instant crime.' That does not suffice. The statute contemplates that the convictions be found according to indictment, that the proof shall conform with the charge, and that the findings describe the offenses which constitute the proof.

We conclude that the extended term for *persistent offender* was imposed without the determination of the *existence of the basis* for that enhancement of punishment prerequisite to that exercise of judicial authority. § 558.021.1(3).

This court concludes that *Thompson* compels remand to the trial court for the purpose of determining the existence of the basis for enhancement of punishment and to make specific findings that such a basis exists.

■ Under point (3), appellant argues that the trial court erred in sentencing appellant to a six-month term pursuant to the jury's verdict and then imposing a three-year term to be served consecutively. Simply stated, appellant argues that he received a compound sentence for a single conviction. Appellant's contention is correct. This precise issue has been ruled by this court in *State v. Thompson, supra*, and *State v. Moore*, 633 S.W.2d 140 (Mo.App. 1982). Additional authority exists on this issue, see *State v. Williams*, 620 S.W.2d 59 (Mo.App.1981). In line with *Williams*, *Thompson*, and *Moore*, this court concludes that the sentences imposed do not exceed the statutory limit, but were not validly derived, and this cause must be remanded to the trial court with instructions exclusively to resentence appellant to no more than a single extended term.

Under point (4), appellant argues that it was not necessary for him to object to imposition of extended sentencing in order that said issue be preserved for appellate review. Appellant contends that this court is mandated to review such issue pursuant to Rule 30.20. This precise question was ruled in *State v. Moore, supra*, and requires no further consideration.

The issue raised under appellant's point (5) has been addressed and ruled in *State v. Moore, supra*, and requires no further consideration. For a good analysis of the issue of multiple punishment for a single offense,

but not within § 558.016, see *State v. Wilbur Lewis*, 633 S.W.2d 110 (Mo.App.1982).

The conviction of appellant is affirmed, but this cause is remanded with instructions to the trial court to make specific findings concerning appellant's persistent offender status and to otherwise resentence consistent with this opinion.

All concur.