STATE of Missouri, Respondent,

v.

Fred L. MOORE, Appellant.

No. WD 32157.

Missouri Court of Appeals, Western District.

March 16, 1982.

As Modified May 4, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 4, 1982.

Application to Transfer Denied June 14, 1982.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

MANFORD, Judge.

Appellant was found guilty of robbery second degree, a Class B felony, in violation of § 569.030, RSMo 1978. A sentence of 12 years was imposed by the jury. § 558.011.-1(2), RSMo 1978. The trial court sentenced appellant to an extended term of ten years [§ 558.016.4(1), RSMo 1978], to be served consecutively, totaling 22 years imprisonment. This appeal followed.

Appellant presents six points of error, which in summary charge that the trial court erred (1) in compelling appellant to stand trial attired in jail clothing and manacled because this destroyed the presumption of innocence; (2) by the admission of irrelevant and immaterial testimony; (3) by sentencing appellant to a term of ten years because such sentencing violated the double jeopardy clause because the trial court was without jurisdiction to impose an extended term pursuant to § 558.016, RSMo 1978; and (4) by extending appellant's sentence by ten years because of the failure to properly find that appellant was a persistent offender. Appellant also alleges error in that (5) the ten-year enhancement sentence is void and a remand for resentencing would amount to multiple punishment for the same offense in violation of the double jeopardy clause and (6) the trial court

lacked jurisdiction to impose the extended sentence of ten years and failed to make requisite findings upon the existence of the basis for imposing such sentence.

A brief recital of the evidence reveals not only the events pertaining to this matter, but the basis which supports the jury's verdict.

The victim, William Gilbert, testified that he was sitting in front of the Boys Club on Woodland Avenue in Kansas City, Missouri, when he was accosted by appellant and two other men. After talking with the trio, he went with them in an automobile. When questioned why he got into the automobile, he said that he felt he could not handle all three of them. He stated that the four drove around for about twenty minutes, at which time the automobile was stopped and he was dragged from it by appellant. Appellant hit him on the head with his fist, a piece of wood and the victim's shoe. While this was occurring, a local police officer arrived on the scene, who observed appellant's beating the victim. The officer gave chase and apprehended appellant. When apprehended, appellant was in possession of the victim's watch, checkbook and a bottle of prescription medicine. The arresting officer testified that when apprehended, appellant appeared intoxicated, but in complete control of his faculties.

Appellant testified that he had beaten the victim and had taken his property, but that he was intoxicated. He also gave a different account leading to the beating and taking of the property. According to appellant, he was walking on 36th Street and observed the victim walking toward him. As they approached each other, the victim greeted appellant and during this exchange, the victim asked appellant if he would like the victim to perform an oral sexual act upon him. Appellant testified that he said "no" to the victim's offer and walked away, but that the victim followed him and continued to urge him to allow him to perform the sexual act. Appellant stated that the victim then touched his shoulder and a fight ensued. Appellant admitted that he took the victim's property, but that

he had no intention to do so when he first observed the victim. After the jury's finding of guilty and sentencing of 12 years, the trial court extended the sentence, finding appellant to be a dangerous offender. This appeal followed.

In point (1), appellant argues that the trial court erred in compelling appellant to stand trial attired in green jail dungarees, raggedly cut off at the knees, tennis shoes, no socks, chained about the waist and handcuffed and manacled at the ankles. Appellant argues that the clothing and restraint destroyed his right to a presumption of innocence. He does not deny that restraint of an accused is within the discretion of the trial court, but argues that the trial court in this case abused its discretion. Appellant contends that the instant case falls squarely within *State v. Borman*, 529 S.W.2d 192 (Mo.App.1975), which declared that the trial court is vested with considerable, but not unlimited, discretion in determining the propriety of restraints. In *Borman*, the court declared that the trial court should weigh the relevant factors which include: the presence or absence of disruptive conduct on the part of the accused prior to or during trial, the presence or absence of threats of misconduct, the trial atmosphere, the likelihood of an attempt to escape, the age and physical attributes of the accused, the nature of the offense, the size of the trial audience, and its mood and the adequacy of alternative methods. In *Borman* at 194, the court also restated, "It has rightly been said that the propriety of physical restraints depends upon the particular facts of each case," citing *State v. Robinson*, 507 S.W.2d 61, 62 (Mo.App.1974). The *Borman* court pointed out (at 194) that "[t]he right of a defendant in a criminal case to be free of physical restraints while attending his own trial is not absolute. Under 'exceptional circumstances', *State v. Boone*, 355 Mo. 550, 196 S.W.2d 794, 796[3] (1946), or for 'good reason,' *State v. Kring*, 64 Mo. 591, 592 (1877) at least if the good reason is bottomed on the accused's misconduct during the trial, *State v. Kring, supra...*"

Appellant seizes upon *Kring*, charging that since appellant displayed no misconduct at trial, the court was without authority to restrain him. Appellant's reading of *Kring* is too narrow. He would have this court conclude that restraint is permissible *only* when there is disruption during actual in-court proceedings. This court not only fails to agree with such a narrow interpretation, but finds that the correct interpretation of the court's discretion is clearly defined within footnote language in *Borman* at 194. The court correctly pointed out:

> [I]n *Loux v. United States*, 389 F.2d 911, 919 (9th Cir. 1968) it is said: '... To require a dangerous act at trial before shackling the prisoner would seriously impair the court's security. The purported requirement of bad conduct at trial stems from two old Missouri cases, *State v. Kring*, 1877, 64 Mo. 591 and *State v. Temple*, 1906, 194 Mo. 237, 92 S.W. 869 ... Modern cases do not require that the judge's decision be based on conduct of the prisoner at trial ...'

Preceding *Borman* and cited in *Borman*, our courts restated the more sound rule to determine whether the trial court abused its discretion in ordering restraint. In *Bibbs v. State*, 504 S.W.2d 319, 321 (Mo. App.1973), the court ruled, "To support such action on the part of the court, there must be some 'good reason' arising *during the trial [State v. Rice*, 347 Mo. 812, 149 S.W.2d 347, 348[1, 2] (1941) ] or 'exceptional circumstances' [State v. Boone*, 355 Mo. 550, 196 S.W.2d 794, 796[3] (1946) ]." (Emphasis added)

Appellant is entirely correct in his contention that there was no misconduct at trial to warrant restraint, so the only "good reason" must be shown by "exceptional circumstances".

Prior to trial, this entire matter was discussed with the court. Appellant's counsel rigorously challenged appellant's appearance before the jury in jail garb, handcuffs, chains and manacles. In addition to appellant's claimed dissatisfaction with counsel for no apparent reason other than the delay of trial, the record reveals the disqualification of the trial judge for no apparent reason other than the delay of trial and appellant's refusal to come out of his jail cell the morning of trial to appear at trial. This refusal produced a disturbance in the county jail, arousing other prisoners to such an extent that the entire jail had to be secured. It took the entire jail force to quell the disturbance, which lasted four hours and during which three deputy officers were injured. During this disturbance, the court awaited appellant's arrival, along with a panel of more than 40 veniremen.

The trial court concluded that appellant's actions brought about his appearance in jail garb and shackles. It is noted that prior to the jury's appearing in the courtroom, appellant's hands were no longer chained, the chain around his waist had been removed and his feet, though shackled, were beneath the counsel table, not visible to the jury. In addition, while appellant had objected to the presence of a jail guard during the pretrial conference, this was not mentioned at the time the jury was impaneled. The record also reveals that prior to his testifying, the shackles on appellant's legs were removed.

In summary, appellant contends that there should never be restraint of an accused or that there should be none absent any *in court* disturbance under *Kring, supra*. The instant case reveals that appellant had previously been convicted of assault. On the morning of trial, his refusal to leave jail to stand trial caused a jail-wide disturbance of some four hours and included injury to some jail authorities. During this time, the court and potential jurors awaited appellant's arrival. It cannot be said, although appellant argues to the contrary, that there was an absence of "exceptional circumstances" which provided "good reason" for the trial court's action. *Bibbs, supra*. Appellant has no standing to complain where his own misconduct resulted in his being restrained and attired in jail clothing. See *State v. Lewis*, —— S.W.2d —— (Mo.App.1982). There is no merit to point (1) and it is ruled against appellant.

Under point (2), appellant contends that the admission of certain testimony of a witness was irrelevant and immaterial and thus prejudicial in that such testimony did not tend to prove or disprove whether appellant beat the victim with a purpose to prevent resistance to the taking of the victim's property. Appellant contends that the evidence prejudiced him because it encouraged the jury to find him guilty, even though the jury did not believe he acted with a purpose.

Appellant presented a defense that he acted without the purpose or intent to take the victim's property. Appellant admitted to the beating of the victim and to the taking of the victim's property. It was appellant's defense that he was so intoxicated that he acted without purpose. On this appeal, appellant points out, "The sole fact in issue in this case was whether appellant beat the victim for the purpose of preventing resistance to the taking of the property." Appellant's contention is correct and in line with that declaration that the trial court so instructed the jury. What appellant objects to before this court is certain testimony admitted over objection from one of the defense witnesses. To prove his "intoxication defense", appellant called one of the investigating police officers. On direct examination, this officer furnished testimony concerning the night that appellant was arrested:

Q. Did you come close to my client, in close physical contact with my client?

A. Yes, I did.

Q. Were you able to observe his demeanor, the way he looked, the way he acted?

A. Yes, sir.

Q. Based on your observations of him at that time, sir, did it appear to you that he was under the influence of some intoxicating liquor or under the influence of something?

A. In my opinion, he was definitely under the influence of something, other than normal behavior.

Upon cross-examination, the following occurred, and it is to this testimony that appellant takes exception:

Q. Officer, as a detective in the Crimes Against Persons Unit, you come in contact every day with every serious crime in this city, basically, don't you?

MR. DE HARDT: Your Honor, I would object, on the grounds of relevancy. It is beyond the scope of direct. (Whereupon, the following proceedings were had in the presence, but out of the hearing of the jury:)

MR. HALL: Well, Your Honor, the defense has presented this man, someone who was prevented from interrogating the subject because he was in an intoxicated condition. I think I have the right to go into, with this officer, as to other suspects he has met and the percentage of those that are intoxicated and exactly what his qualifications are to make such a statement, that he was intoxicated.

MR. DE HARDT: Your Honor, I simply disagree. The condition of anyone else that he comes into contact with has nothing to do with this lawsuit and doesn't tend to prove or disprove anything at issue in this case. I think it is not relevant.

MR. HALL: Your Honor, the defense is going to argue that because the man was intoxicated he is not responsible for his crimes.

THE COURT: Well, I'm going to overrule the objection.

MR. DE HARDT: All right.

(Whereupon, the following proceedings were had in the presence and hearing of the jury:)

Q. (By Mr. Hall) You come into contact with very serious offenders?

A. Basically, every one that comes through the Crimes Against Persons Unit. They are booked on felony type charges.

Q. And how long have you been in Crimes Against Persons?

A. The past thirteen years.

Q. Do you have any idea of the percentage of these people that you would

say are high or intoxicated on something?

MR. DE HARDT: Your Honor, again, I object on the grounds of both materiality and relevance. The percentage of other people aren't on trial here, only my client.

THE COURT: Objection overruled.

MR. DE HARDT: Yes, sir.

A. At the time that they're brought to our unit, if they're brought in directly after an arrest, I would say, without any doubt, at least seventy-five percent of these people are under the influence of some type of stimulant to make them act abnormal.

The foregoing was followed by appellant's redirect examination:

BY MR. DE HARDT:

Q. Detective Grosko, is it fair to say, sir, that you've had contact with many, many people who are under the influence of some intoxicant or some stimulant? Is that fair?

A. Yes, that is true.

Q. My client, on April 16th, when you first saw him, was, according to you, definitely in that category?

A. Yes, sir.

■ Appellant acknowledges that the matter of relevancy is within the discretion of the trial court, but contends that the court herein abused its discretion. Appellant declares that evidence is relevant if it logically tends to prove or disprove a disputed fact and cites *State v. Berry*, 609 S.W.2d 948, 954 (Mo.banc 1980) and *State v. Wood*, 596 S.W.2d 394 (Mo.banc 1980), cert. denied 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). *Wood* points out that such rulings will not be reversed absent a showing of an abuse of discretion.

■ Appellant argues that the officer's foregoing testimony on cross-examination did not tend to prove or disprove that he (appellant) acted with a purpose. Appellant argues the evidence proves that almost everyone who is arrested for a felony is drunk. He also argues that such evidence permits the jury to infer that if it acquitted him because his intoxicated condition prevented him from acting with purpose, then almost all persons charged with a felony would have to be acquitted. He further contends that the jury would have to ignore the court's instructions and argument of counsel.

Respondent argues that the questions asked and the responses given were proper impeachment and were relevant to appellant's defense of intoxication.

The evidence was admissible as impeachment to show the officer's feelings toward intoxicated persons with whom he had contact. A reading of the final argument of respondent reveals that this evidence was referred to in such a manner as to establish that intoxication "in and of itself is no defense. But if it removes the purpose . . . then it can be and is a defense." The particular evidence was also relevant to show that intoxication must, in fact, have the effect of removing the element of purpose as required within the statute. It must be noted that while appellant offered an intoxication defense, testimony of the arresting officer, while acknowledging that appellant was intoxicated, also concluded he (appellant) was in complete control of his faculties. While it is concluded in this case that the evidence was relevant, it has been held that "evidence that is merely irrelevant or immaterial but is not prejudicial or inflammatory does not constitute reversible error." *State v. Johnson*, 539 S.W.2d 493, 512 (Mo.App.1976), cert. denied 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). There is nothing upon the record herein to reveal any inflammatory nature or inflammatory use of the challenged evidence, or any showing whereby appellant was prejudiced by its admission. The trial court did not abuse its discretion. Point (2) is without merit and is ruled against appellant.

Under point (3), appellant charges that the trial court violated his constitutional rights to due process and double jeopardy because the trial court imposed two sentences for a single offense. Respondent argues that appellant failed to object to the sentencing procedure and to raise this as an issue in his motion for new trial, thus leav-

ing nothing for this court to review. Appellant does not urge this court to review the matter as plain error and does not argue any manifest injustice. This court does, nonetheless, take up this issue under Rule 30.20. Action by this court should not be construed as review for plain error, but rather, it is undertaken pursuant to the prior interpretation of this court pertaining to Rule 30.20 in *State v. Couch*, 523 S.W.2d 612, 614 (Mo.App.1975).

Appellant was convicted by jury and the jury assessed punishment at twelve years confinement. Following trial, the court entertained appellant's motion for new trial, overruled same, granted allocution, sentenced appellant according to the jury verdict and then held a hearing on respondent's allegation that appellant was a dangerous offender under § 558.016. The court concluded that appellant was a persistent and dangerous offender. The trial court's finding that appellant was a persistent offender was not supported by the evidence. On the question of appellant's being a dangerous offender, the court found: "The Court further finds that defendant is being sentenced for felony during the commission of which he knowingly threatened the life of another person or knowingly threatened to inflict serious physical injury on another person."

■ The trial court had authority to judicially notice the trial proceedings just completed to support its findings pursuant to § 558.016. *State v. Berry, supra.* In addition, the record shows evidence of a prior conviction for a Class B felony, see § 558.-016.

■ Section 558.016 has been held to conform to the requirement of due process, *Berry, supra*, but while the statute (now within the Criminal Code effective January 1, 1979) "clearly contemplates the determination of *persistent* or *dangerous offender* . . . [it] does not constitute a separate offense, but that a single sentence culminates from a single accusation and adjudication of guilt." *State v. Thompson*, 629 S.W.2d 369 (Mo. banc 1982) at 336 [opinion of Missouri Court of Appeals, Western District, 629

S.W.2d 361 (1981) adopted by Missouri Supreme Court on March 9, 1982, Supreme Court Case No. 63325]; *Sours v. State*, 603 S.W.2d 592, 605 (Mo.banc 1980); and *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The determination of a persistent or dangerous offender results in one extended term, not two separately imposed. *State v. Johnson*, 605 S.W.2d 151, 155 (Mo.App.1980), cited in *Thompson, supra.*

■ On its face, the action undertaken by the trial court appears to be the imposition of two sentences for a singular conviction, or as it has been referred to, as the "compound [of] a single sentence into two." *Thompson, supra,* at p. 366. Such procedure violates the rationale of the statute. *State v. Hampton*, 607 S.W.2d 225, 226 (Mo. App.1980). This court is faced with the same dilemma it confronted in *Thompson* in that we cannot determine from the sentences imposed whether the trial court understood its statutory prerogative pursuant to § 557.036, RSMo 1978 and § 558.016 in deciding the assessment of sentence in the first instance. The compound sentence imposed does not exceed the statutory maximum, but it was not validly derived. *Thompson, supra,* see also *State v. Williams*, 620 S.W.2d 59 (Mo.App.1981), citing *State v. Baker*, 524 S.W.2d 122 (Mo.banc 1975) and *State v. Morgan*, 592 S.W.2d 796 (Mo.banc 1980). Because of the foregoing rationale, appellant's challenge to the sentences imposed must be sustained, but the cause is remanded to the trial court with instructions exclusively to resentence appellant to no more than a single extended term. *Thompson, supra.*

Under point (4), appellant further challenges the imposition of the extended sentence of ten years. At this juncture, appellant charges that the trial court erred by finding he was a persistent and dangerous offender and respondent had not charged him with being a persistent offender. Appellant further charges that the trial court failed to make specific findings for the basis of the extended term as required by § 558.021. Appellant is correct in that the

information did not charge him with being a persistent offender. In addition, the record reveals a single prior conviction of a felony, thus failing to support a finding as a persistent offender even if he had been so charged. As was pointed out above, there was no evidentiary support for a finding that appellant was a persistent offender and the trial court erred in so concluding. However, appellant argues that he must be found (under the statute) to have been both a persistent and dangerous offender. Appellant's contention is simply based upon an incorrect reading of the statute. The statute is not conjunctive. It provides that an accused, upon conviction and providing that all statutory requirements are met, can be found to be a persistent offender *or* a dangerous offender *or* both.

Appellant further contends that the court erred in failing to make a specific finding that he was a dangerous offender as required by § 558.021.1(3). The record reveals the following finding by the trial court: "The Court further finds that defendant is being sentenced for a felony during the commission of which he knowingly threatened the life of another person or knowingly threatened to inflict serious physical injury on another person."

■ The trial court was empowered to take judicial notice of the record in the just-completed trial. *Berry, supra.* The trial court was not empowered to make a finding that appellant was a *persistent* offender because he was neither so charged, nor did the evidence at the sentencing hearing support such a conclusion. Further, in *State v. Thompson,* 629 S.W.2d 369 (Mo. banc 1982) [opinion of the Missouri Court of Appeals, Western District, 629 S.W.2d 361 (1981) adopted by the Missouri Supreme Court on March 9, 1982, the court stated at pp. 368–369 of the opinion:

The previous convictions were the basis for extended punishment as a persistent offender. They were proved by evidence on that separate issue after the jury verdict. The defendant does not dispute the validity of that proof as the basis for an extended term, *if specifically found* to that effect. The court found: 'that the defendant is one who has been previously convicted of two felonies at different times, and not related to the instant crime.' That does not suffice. The statute contemplates that the convictions be found according to indictment, that the proof shall conform with the charge, and that the findings describe the offenses which constitute the proof.

We conclude that the extended term for *persistent offender* was imposed without the determination of the *existence of the basis* for that enhancement of punishment prerequisite to that exercise of judicial authority. § 558.021.1(3).

This court concludes that *Thompson* compels remand to the trial court for the purpose of determining the existence of the basis for enhancement of punishment and to make specific findings that such a basis exists.

■ Under point (5), appellant argues that this cause should not be remanded for resentencing, but rather, the extended term of ten years should simply be vacated and the remaining 12-year sentence permitted to stand. Appellant argues that as a result of the chronology of sentence imposition (i.e., assessment of the valid 12-year jury sentence followed by the void extended sentence by the court) the latter should simply be vacated. The rationale set forth above relative to a single term for sentencing is equally applicable to appellant's argument under this alleged error.

Appellant's argument of double jeopardy fails under the rule of *State v. Thompson* and *State v. Lewis, supra.* In addition, this court finds persuasive the analogous rationale previously adopted by this court in *State v. Phroper,* 619 S.W.2d 83 (Mo.App.1981) wherein this court declared at 90 that "remand for the limited purposes of resentencing is a proper curative measure." Point (5) is without merit and is ruled against appellant.

■ As to his final point (6), appellant presents argument of no necessity to object to extended sentencing. His argument charges that the imposition of extended punishment is a question of jurisdiction. He contends that this court is required, under Rule 30.20, to consider errors respect-

ing the sufficiency of sentences. He cites to this court *State v. Garrett*, 416 S.W.2d 116 (Mo.1967)[1] and *State v. Crow*, 388 S.W.2d 817 (Mo.1965), and presumes from these authorities that Rule 30.20 mandates such review. Those cases do not as such, however, this court in *Couch* specifically addressed this issue. Appellant's contention is correct that under Rule 30.20, this court is required to review the sufficiency of sentences because the same are jurisdictional and must be reviewed even if not properly preserved for appellate review. Point (6) is sustained, but the ruling on same should not be construed as bearing upon the disposition of any other issue.

Appellant's conviction is affirmed, but this cause is remanded with instructions to the trial court for the exclusive and limited purpose of resentencing consistent with this opinion.

All concur.

---

1. *State v. Garrett*, 416 S.W.2d 116 (Mo.1967) was overruled in *State v. Blackwell*, 459 S.W.2d 268 (Mo.banc 1970) to the extent that it "held that the second offender statute could not be applied unless the trial court made specific findings of fact as to the various constituent elements prerequisite to application ..." See *State v. Franklin*, 547 S.W.2d 849, 851 (Mo.App.1977).