STATE of Missouri,
Plaintiff-Respondent,

v.

Billy Joe GARRETT,
Defendant-Appellant.

No. 12674.

Missouri Court of Appeals,
Southern District,
Division Three.

Nov. 12, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Scott E. Walter, Public Defender, Benton, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Billy Joe Garrett, was charged by information in the Circuit Court of Mississippi County with the crime of second degree arson, a class C felony, in violation of § 569.050, RSMo 1978. On the basis of prior felony convictions, the information also alleged Garrett to be a persistent offender under § 558.016, RSMo 1978. The case was tried before a jury, which returned a verdict of guilty. However, because of the persistent offender allegation, the jury did not assess punishment. The trial court found defendant to be a persistent offender, and sentenced him to terms of "5 years on Arson" and "5 years Persistent Offinder [sic], said sentences to run consecutively."

On appeal, this court must examine, sua sponte, the record of each case to insure that appellate jurisdiction exists prior to an examination of the merits. *State v. Fender,* 600 S.W.2d 683, 685 (Mo.App.1980); *State v. Barton,* 567 S.W.2d 460, 460 (Mo. App.1978). Because of defects in both the judgment and the sentencing procedure, this court determines that it does not have jurisdiction and must remand the case for resentencing.

The sufficiency of judgment and sentence are matters of jurisdictional import. *State v. Moore,* 633 S.W.2d 140, 147–148 (Mo.App.1982); Rule 30.20, V.A.M.R. In the instant case, the record clearly reveals that Garrett was sentenced to two separate consecutive 5 year terms, one on the arson conviction and the other on the persistent offender adjudication. This was error. Upon finding a convicted criminal defendant to be a persistent or dangerous offender, a trial court is authorized to impose a single *enhanced* sentence. It may not impose separate sentences on the guilty verdict and on the persistent or dangerous

offender determination. To do so violates not only the rationale of the applicable sentencing statutes (precisely, §§ 557.036, 558.-016, and 558.021, RSMo 1978), but also double jeopardy principles. *State v. Thompson,* 629 S.W.2d 361, 366–367 (Mo.App.1981), specifically approved by the Missouri Supreme Court and ordered published in *State v. Thompson,* 629 S.W.2d 369 (Mo. banc 1982). See also, *State v. Slater,* 633 S.W.2d 439, 441 (Mo.App.1982); *State v. Moore,* 633 S.W.2d 140, 146 (Mo.App.1982); *State v. Williams,* 620 S.W.2d 59, 60 (Mo.App.1981).

The case is remanded to the trial court with directions to set aside the purported judgment and sentence entered herein, and to enter a new judgment and sentence consistent with this opinion.

All concur.