**STATE of Missouri, Plaintiff-Respondent,**

v.

**Jimmie Dale RALSTON, a/k/a Jimmie Courtois, Defendant-Appellant.**

**No. 13558.**

Missouri Court of Appeals, Southern District, Division Two.

Jan. 29, 1985.

John D. Ashcroft, Atty. Gen., Dan J. Crawford, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Michael Radosevich, Columbia, for defendant-appellant.

PREWITT, Chief Judge.

Following trial by jury defendant was convicted of burglary in the second-degree and sentenced as a persistent offender to 8 years' imprisonment.

In his first point defendant asserts that the trial court erred by imposing separate sentences for his conviction of burglary and for his status as a persistent offender. He relies primarily upon *State v. Garrett*, 642 S.W.2d 378 (Mo.App.1982). There, this district held that upon finding a convicted criminal defendant to be a persistent or dangerous offender, the trial court is authorized to impose a single enhanced sentence and may not impose separate sentences on the guilty verdict and on the persistent or dangerous offender determination.

Here, the record shows that the trial judge sentenced defendant to 8 years and that he made that determination by indicating that had defendant not been a persistent offender, the term would have been 5 years. The judge so indicated oral-

ly, and the judgment and sentence stated that "the defendant is guilty of the class C felony of Burglary in the Second Degree (5 years) and Persistent Offender charge (3 years), and ... that defendant be committed to the custody of the Division of Corrections for a term of imprisonment of Eight (8) years".

In *Garrett* the judgment and sentence stated that he was sentenced "for 5 years on Arson 5 years Persistent Offinder [sic] said sentences to run Consecutively". In that case it appeared there was an attempt to make two separate sentences. Here, only one sentence was imposed and the trial judge just clarified why he was assessing 8 years. Accordingly, Point I is denied.

Defendant's remaining points likewise have no merit. As they are controlled by well established principles and a detailed discussion of them would have no precedential value, in the interest of judicial economy we concisely state our reasons for denying them.

Defendant's second point claims that the trial court erred in denying his motion to suppress a statement he made to law enforcement officers. Defendant contends his right against self-incrimination was violated in that he did not knowingly waive that right and did not freely and voluntarily make the statements. He also asserts that the trial court's findings in this regard were inadequate.

■ There was evidence that defendant was advised as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that he voluntarily consented to make a statement. The trial court found:

> [T]hat the defendant did know of his rights and that he freely and voluntarily made the statements. That there was probable cause for arrest and that there was no violation of his Fifth Amendment rights or the rights under the Miranda case. That all of the requirements of the Miranda were met and understood by the defendant.

■ The trial court's finding was sufficient. It is unnecessary that the trial judge enter formal findings of fact or write an opinion; it is sufficient if the conclusion of the trial judge as to whether the confession was given voluntarily appears from the record with unmistakable clarity. *State v. Ryder*, 598 S.W.2d 526, 527 & n. 1 (Mo.App.1980). We do not see how the trial court's conclusion could have been clearer stated and the evidence supported that finding.

■ In his third point defendant contends the trial court erred in denying his motion to suppress evidence. Defendant signed a consent to the search of his automobile trunk, but now contends that the "alleged consent was not free of duress or coercion." Duress or coercion is not shown by the record. It indicates that defendant was asked if he would consent to the search and replied, "I might as well. You will just get a search warrant." From the "totality of the surrounding circumstances" the trial court could find that the consent was voluntary. See *State v. DuBose*, 617 S.W.2d 509, 514 (Mo.App.1981).

For his final point, defendant asserts that the evidence was insufficient to support the conviction of burglary because excluding his statement to the law enforcement officers and the evidence found by the search, there is only left "mere presence at the scene" of the burglary. As we have ruled that defendant's statement and the articles found in his car are admissible, it can no longer be questioned that the evidence was sufficient to support the conviction.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.