**STATE of Missouri, Respondent,**

v.

**Donald SWINK, Appellant.**

**No. 50992.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 3, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Application to Transfer Denied
April 14, 1987.

---

Dorothy M. Hirzy, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Donald Swink (defendant) appeals from the sentence imposed at his resentencing hearing after his original sentence was vacated in a Rule 27.26 proceeding. We affirm.

Defendant was convicted of Robbery First Degree. § 569.020, RSMo (1978). The jury recommended a sentence of fifteen years' imprisonment. Defendant had been charged as a persistent offender under § 558.016.2, RSMo (1978), and he was sentenced to thirty years' imprisonment. Defendant, however, was sentenced without benefit of the sentencing hearing mandated by § 558.021.1, RSMo (1978). On direct appeal defendant did not object to the sentencing irregularity and on the issues raised on appeal his conviction was affirmed. *State v. Swink*, 620 S.W.2d 63 (Mo.App.1981).

Defendant first objected to the sentencing procedure in his *pro se* Rule 27.26 motion. The 27.26 trial judge assigned the case for resentencing. After a hearing, the resentencing judge found defendant to be a persistent offender under § 558.016, made specific findings as required by § 558.021, and resentenced him to thirty years' imprisonment.

Defendant claims the resentencing violated his due process rights in three respects: (1) at the resentencing hearing the assistant circuit attorney was vindictive, (2) nearly three years elapsed before his 27.26 motion was ruled on, and (3) resentencing did not occur until almost a year after the original sentence was vacated.

■ In support of his claim of vindictiveness, defendant relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce* involved the imposition, for vindictive reasons, of a heavier sentence upon resentencing. As the Supreme Court subsequently stated in *Texas v. McCullough*, 475 U.S. 134, ——, 106 S.Ct. 976, 978–80, 89 L.Ed.2d 104 (1986), *Pearce* is concerned with the evil of increased sentences motivated by vindictiveness, it is not a total bar against higher sentences on resentencing let alone a bar against resentencing a defendant to the same sentence. Defendant introduced no evidence the state or the resentencing court was vindictive; the original sentence was for thirty years' imprisonment and on resentencing the sentence was the same; the trial court heard all arguments put forth by defendant; and the trial court

credited defendant for all time served. There was no vindictiveness.

■ Defendant's argument about the length of time between his 27.26 motion and resentencing is also without merit. Any delays in hearing the 27.26 motion were occasioned not by the court but by defendant and his various attorneys. The cause of the delay aside, defendant was not prejudiced by the wait; the relief he sought was sentencing at the fifteen years' imprisonment recommended by the jury, and at the time of resentencing he had not yet served fifteen years.

■ Repeat offender statutes are procedural in nature. *State ex rel. Peach v. Bloom,* 576 S.W.2d 744, 746[1] (Mo.banc 1979). As defendant concedes, if the lack of a presentence hearing had been raised on direct appeal "the state would have had a second opportunity to prove up the priors on remand for resentencing." *See State v. Slater,* 633 S.W.2d 439, 441[2] (Mo.App. 1982); and *State v. Williams,* 620 S.W.2d 59, 60 (Mo.App.1981). The timing of the resentencing was dictated by defendant not raising the issue until his 27.26 motion. We are not impressed with defendant's argument; if we were to accept it defendant would be rewarded for failing to raise the issue on direct appeal. If defendant's constitutional rights were violated it was because he failed to complain prior to the filing of his Rule 27.26 motion.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.