STATE of Missouri, Respondent,

v.

Wilbur E. PORTER, Appellant.

No. WD 31983.

Missouri Court of Appeals,
Western District.

July 14, 1981.

James L. McMullin of McMullin, Wilson & Schwarz, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

A jury found appellant guilty of burglary second degree (§ 569.170, RSMo 1978) and assessed two years imprisonment. The trial court, after the sentencing hearing, sentenced appellant to eight years imprisonment as a persistent offender (§§ 558.016 and 558.021, RSMo 1978). The judgment is affirmed.

Appellant presents two points of error, which in summary allege that the trial court erred (1) in refusing to grant his motion for acquittal because the evidence was insufficient and (2) in permitting respondent to amend the information concerning the charge as a persistent offender after trial. Since appellant challenges the sufficiency of the evidence, recital of pertinent facts is necessary to dispose of his contention.

At approximately 7:00 p. m. on August 18, 1979, Kenneth Lyle Farrand and Donna Randol were in Farrand's automobile approaching Farrand's house trailer. At a point approximately 400 feet from the front door of the trailer, both observed a man walking toward them and entering a red Volkswagen. Farrand's automobile passed within 10–15 feet of the man and the Volks-

wagen. Farrand left his automobile and approached his house trailer. He found the front door kicked in, the interior ransacked, personal property piled near the front door and a .22 caliber pistol plus some silver dollars missing. They notified the police, who took photos and searched for fingerprints inside the house trailer. The police secured latent fingerprints from inside the house trailer, and forensic comparison matched those latent fingerprints with known recorded fingerprints of appellant.

Both Farrand and Randol were, at separate times, asked to view an array of photographs. Each selected appellant's photo. Farrand told the police that there was a striking similarity between the person in the photo and the man he observed entering the Volkswagen. Randol told the police that the man in the photo greatly resembled the man getting into the Volkswagen. At trial, both witnesses made a positive identification of appellant.

Appellant's defense was alibi. His mother and aunt, who were in Sedalia on August 18, 1979, testified that at approximately 5:30 p. m., the mother was engaged in a long-distance telephone call with appellant. Appellant did not testify.

■ In his point (1), appellant narrowly attacks the sufficiency of the evidence by arguing that since the witnesses (Farrand and Randol) did not positively identify him from the photo, but did so at trial, their testimony changed and was in fact tantamount to perjury.

There is no substance to appellant's assertion. Upon direct examination, it was established that both witnesses, independently and without suggestion, selected the photo (from an array of six photos) of appellant. Under thorough cross-examination conducted by defense counsel, witness Farrand stated that at the time he selected appellant's photo, he was positive of the identification even though the police report may have showed he used such words as "strikingly similar" or others. In fact, this witness disclaimed the use of that term.

Witness Randol, in addition to a positive in-court identification, also testified that she remarked to the police at the time she observed the photos that the man in the photo had longer hair than the man she observed entering the Volkswagen. She also testified that she told the police (at the time she selected appellant's photo) that he "looked like the man I saw getting into the car on August the 18th."

Farrand and Randol observed appellant near the scene of the burglary at a distance of some 10–15 feet. Other evidence established that appellant was known to have driven a Volkswagen.

This court cannot agree with appellant that the failure of these two witnesses to tell the police they were "positive" of identification from the photos was inconsistent to the point of perjured testimony with their positive identification of appellant upon trial. Defense counsel employed skillful and persistent cross-examination on this point and the record reveals that these witnesses in fact selected appellant's photo from several others. This selection was not equivocal as appellant contends. Rather, his argument was premised upon the lack of a declared positive statement to police at the time the photos were selected.

From the record, this court finds there was no inconsistency between the initial identification of appellant from the photo and the subsequent in-court identification of appellant by these witnesses. In addition, there is no evidence to support an allegation of perjured testimony by these witnesses.

Appellant cites *State v. Morgan*, 592 S.W.2d 796 (Mo. banc 1980), vacated on other grounds, *Morgan v. Missouri*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980) as controlling under point (1), but fails to point out to this court precisely how that ruling has direct application to his alleged error. *Morgan* inter alia prescribes the consistency of circumstantial evidence with the hypothesis of the accused's guilt. In addition, *Morgan* speaks to the trial court's discretion regarding the scope of examination to show bias and prejudice of a witness.

*Morgan* further establishes that the reviewing court is bound to accept as true all evidence tending to prove the guilt of the accused and must disregard all contrary evidence and inferences. The principles announced in *Morgan* have been met in this case and this court finds appellant's reliance upon *Morgan* to be misplaced.

 The evidence included latent fingerprints of appellant retrieved from the burglary scene without any offer of explanation for their presence, *State v. Thomas*, 452 S.W.2d 160 (Mo.1970) and *State v. Schleicher*, 442 S.W.2d 19 (Mo.1969), and the testimony of two witnesses identifying appellant as the person near the scene of the burglary. *State v. Ross*, 602 S.W.2d 816 (Mo.App.1980). Such evidence, while circumstantial, satisfied the rule in *Morgan*.

Appellant's point (1) is found to be without merit. The trial court did not err in refusing to grant appellant's motion for acquittal because of insufficient evidence. Point (1) is ruled against appellant.

 Appellant's final point charges error by the trial court in permitting respondent to amend the information subsequent to trial. What appellant argues is that it was error to permit the prosecution to amend the date of an alleged prior conviction in that portion of the information charging appellant as a persistent offender. Appellant further argues that the court erred in receiving evidence of his prior convictions and in finding him guilty as a persistent offender.

Appellant's challenge to the amendment of the information has been precisely ruled upon in *State v. Leake*, 608 S.W.2d 564 (Mo.App.1980), followed in *State v. Byrnes*, 619 S.W.2d 791 (Mo.App.1981), and the authority to grant the amendment has already been established.

The only determination left to this court is whether or not appellant's substantial rights (see Rule 23.08) were prejudiced by the mere change of the date regarding a prior conviction. The record reveals that the amendment merely changed the date of

a prior conviction from November 2, 1965 to September 23, 1965. Such amendment did not prejudice the substantial rights of appellant. Appellant's argument that §§ 545.290 and 545.300, RSMo 1978 are controlling lacks merit.

The record also reveals that the evidence relative to appellant's prior convictions was proper and there was no error in the admission of such evidence.

Point (2) is found to be without merit and is ruled against appellant.

For the reasons set forth herein, the judgment is affirmed.

All concur.