STATE of Missouri,
Plaintiff-Respondent,

v.

Wilbur E. PORTER,
Defendant-Appellant.

No. WD 32292.

Missouri Court of Appeals,
Western District.

Oct. 26, 1982.

James L. McMullin of McMullin, Wilson & Schwarz, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., William K. Haas, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before MANFORD, P.J., and WASSER-STROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury conviction for burglary, second degree, in violation of § 569.170, RSMo 1978, and stealing, in violation of § 570.030(3), RSMo 1978. Appellant was also charged and sentenced as a persistent offender on both charges pursuant to § 558.016, RSMo 1978, said sentences to run consecutively. This appeal followed.

Three points, in summary, charge the trial court with error. These are: (1) failure to sustain appellant's motion for acquittal because the evidence was insufficient; (2) failure to sustain appellant's motion to suppress evidence of the arrest, search and seizure of appellant because the same was unlawful; and (3) the trial court committed plain error in permitting respondent to amend the information to include the charge of persistent offender.

Prior to trial and the hearing on appellant's motion to suppress, it was brought to the court's attention that appellant did not want his counsel to represent him further. A pre-trial conference was held concerning this issue. Appellant was present. It was appellant's contention that he had not been able to view depositions of witnesses prior to trial. The fallacy of appellant's contention on this point was revealed by the fact that he did see the depositions the morning of trial and *he was present* when the depositions were taken. Then appellant expressed dissatisfaction with counsel because counsel had not provided appellant with a transcript of a prior trial involving another charge against appellant. His complaint was not that it per-

tained to the instant case, but that he was "thinking of filing a civil suit" and concluded he needed the transcript. It was revealed (in addition that there was no relevancy to the instant case, but rather appellant desired the transcript for purposes of civil suit) that the transcript had not been prepared and it was beyond counsel's ability to provide it to appellant. Appellant further complained that counsel had not seen or discussed his case but once (Friday before trial) in four months, during which appellant was incarcerated. Counsel refuted this and offered to get the in/out records from the county jail to establish the number of visits. Appellant then generally complained that counsel told him there "wasn't much he could do for me" and that counsel "thought I was going to get a bunch of time." Counsel countered this by advising the court that he, in turn, advised appellant of the case against him and if appellant was convicted, he would get considerable time.

The trial judge, after listening to appellant's complaints, correctly ordered appellant to trial with present counsel. The record reveals an insufficient basis for appellant's complaints.

Appellant challenges the sufficiency of the evidence necessitating recital of the evidence upon the record. That evidence discloses that on the morning of September 19, 1979, the Missouri Highway Patrol dispatched an aircraft to eastern Jackson County. The purpose of this was to provide general surveillance over the area because of a series of burglaries in the area. The aircraft left the Grain Valley Airport between 8:30 and 9:00 a.m. At approximately 10:47 a.m., the patrolman in the aircraft observed a black and white vehicle turn into a private residential driveway.

The patrolman testified that he observed two men get out of the vehicle and run to the back of the house. These two disappeared from his view. The black/white vehicle pulled out of the driveway and proceeded north for about a mile on Tyre Road,

then turned around and proceeded back toward the residence. The vehicle stopped several yards from the residence and two men came out of a wooded area and entered the vehicle.

The patrolman in the aircraft had alerted two other patrolmen (by radio and all three units were operating on the same radio frequency) in patrol vehicles. One of these patrol vehicles was unmarked and proceeded toward the residence. The patrolman in this vehicle observed the two men come from the woods and enter the black/white vehicle. He proceeded to the residence, talked with the victim, and established that a burglary had occurred. He confirmed this (by radio) to the patrolman in the aircraft and the other vehicle. The patrolman in the aircraft continued to observe the black/white vehicle and from the air, directed the second patrol vehicle in its pursuit of the black/white vehicle. The black/white vehicle was stopped on I–70 near Blue Ridge, some 17 miles from the scene of the burglary. Occupants in the black/white vehicle were appellant, another male and a woman who was driving the vehicle. All three were arrested. When the three were stopped and arrested, jewelry items were observed on the floor (by the driver's feet) of the black/white vehicle. These jewelry items were identified by the owners of the residence as their personal jewelry items.

After a hearing, wherein appellant advised the court he had no evidence to offer and in which he further advised the court he did not wish to testify, the evidence closed. The jury returned its verdict of guilty on both charges and affixed punishment at two years on the burglary offense and three years on the stealing offense. At the sentencing hearing, which followed the time for and preparation of a pre-sentence investigation report, respondent moved to amend the information regarding the charges of persistent offender on both counts. Leave to amend was granted over appellant's objection. The court entered

sentence in accordance with the jury's verdict and then enhanced the sentence by three years on each count, said sentences to be consecutive to the sentences imposed by the jury. Following the overruling of timely filed after trial motions, this appeal followed.

Under point (1), appellant challenges the evidence as being insufficient to prove his guilt beyond a reasonable doubt as a matter of law, and charges the trial court erred in its failure to sustain his motion for acquittal.

Appellant's argument is, under this point, premised upon the following. The patrolman became suspicious of activity involving the black/white vehicle, stopped the vehicle and then found fruits of the burglary (i.e., the jewelry). However, appellant was never identified as one of the people who had burglarized the residence, nor was he identified as one of the two men observed entering the black/white vehicle from the woods, nor was he observed carrying anything away from the residence. Appellant relies upon State v. Rogers, 380 S.W.2d 398 (Mo. 1964).

Point (1) is ruled against appellant. There is no need to restate the evidence as outlined above to resolve this point. It suffices to point out that in addition to the above, the evidence further revealed confirmation of the burglary (by radio to the aircraft and second patrol vehicle) occurred prior to appellant's arrest. Appellant was seated in the rear of the black/white vehicle. This vehicle had been observed with its *doors* open while two men entered it from a wooded area several yards from the burglarized residence. At the time the black/white vehicle was stopped and appellant was arrested, several items, later identified as stolen from the burglarized residence, were in plain sight on the floor (left front) of the black/white vehicle. The patrolman in the aircraft had continued observation of the black/white vehicle and from the time the two men entered this vehicle from the wooded area until it was stopped

and appellant arrested, this vehicle neither stopped, nor did anyone enter or leave the vehicle.

■ The evidence shows that from the time the two men entered the black/white vehicle from the wooded area until apprehended, appellant was an occupant in the black/white vehicle. When this vehicle was stopped and the arrests were made, property stolen from the burglarized residence was observed in plain view in the vehicle.

The evidence upon this record properly supports an inference and a finding that appellant was involved in both the burglary and stealing. It cannot be said, as a matter of law, that the evidence was insufficient so as to preclude the submission of this case to the jury. In a somewhat analogous case, State v. Arnold, 566 S.W.2d 185, 188 (Mo. banc 1978), our state Supreme Court ruled:

" 'Stolen property found in an automobile in which the defendant is a passenger near the scene of a burglary is admissible against the defendant at his trial for burglary without showing that the defendant had any interest in or right to possession of the automobile.' " (citing State v. Cobb, 444 S.W.2d 408, 414 [Mo. banc 1969] ).

Our state Supreme Court further ruled in Arnold at 188 that, "[a]n inference of guilt is permissible from the unexplained possession of property recently stolen in a burglary and the inference exists both as to the offense of burglary and of stealing." See also State v. Ross, 602 S.W.2d 816, 818 (Mo.App.1980) and State v. Roberts, 579 S.W.2d 685 (Mo.App.1979). The evidence herein revealed that appellant was an occupant in the black/white vehicle when arrested, the vehicle was observed both in the driveway of the burglarized residence, and then later on the road several yards from the burglarized residence, two men entered this vehicle and this vehicle did not stop, nor did anyone either enter or depart this vehicle until it was stopped by the second

patrol vehicle and appellant arrested. In the black/white vehicle was stolen property from the burglarized residence. The lapsed time was some 20 to 25 minutes and the distance between the scene and appellant's arrest some 17 miles. There was a continuous observation of the black/white vehicle from the scene to where this vehicle was stopped and appellant arrested.

There is no merit to appellant's contention that as a matter of law, the evidence was insufficient to support submission of this case to the jury. The trial court did not err in denying appellant's motion for acquittal. Point (1) is ruled against appellant.

Under point (2), appellant charges that the trial court erred in failing to sustain his motion to suppress evidence of the arrest, search and seizure of appellant because the same was unlawful in that the search and seizure was without a warrant and no probable cause existed.

■ A pre-trial motion to suppress was conducted. It is appellant's contention that the three patrolmen acted upon mere suspicion that a crime had been committed. The evidence on the motion included admissions by the officers that they observed no commission of any felony or misdemeanor offense by appellant. They admitted that they could not identify appellant at the scene. Appellant concedes, as he must, that an automobile may be searched without a warrant where in advance, the officers know that a crime has been committed and the persons involved are fleeing in the car. This is premised upon the understanding that automobiles may be moved before a warrant can be issued. *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Appellant contends, however, that the evidence upon this record shows the patrolman acted only upon suspicion and not with knowledge that a crime had been committed before they stopped the black/white vehicle, arrested the three occupants (including appellant), searched the vehicle, and seized the stolen property. Appellant, thus concluding that the arrest and search were illegal, argues that the evidence seized (stolen jewelry) was thus "fruit of the poisonous tree" and not admissible under the rule in *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

It is not necessary to recount all of the facts as set forth above, but from those facts, certain critical and specific facts can again be stated at this juncture, which dispel appellant's contention under this, his point (2). Keep in mind the patrolman in the aircraft saw the black/white vehicle entering the private driveway of a residence, two men leaving the vehicle, running to the rear of the house, the vehicle then driving upon the road about a mile, turning around and several yards from the residence, two men coming from the woods and entering the vehicle. This latter event was observed by another patrolman en route to the residence in a patrol vehicle. This patrolman proceeded to the residence, identified himself to one of the victims, they looked through the residence, and in a bedroom discovered drawers pulled out, doors open, general disarray, and jewelry from a jewelry box missing. The victim had returned home in the interim between the time the patrolman in the aircraft first observed the two men go to the rear of the house and the time the patrolman arrived at the residence and a search of the residence was conducted. Following the discovery of the conditions in the bedroom and the missing jewelry, the patrolman at the residence returned to his patrol vehicle. He communicated his findings that a burglary and theft had occurred to the patrolman in the aircraft and the second patrol vehicle. The patrolman in the aircraft had maintained continuous observation of the black/white vehicle and directed the second patrol vehicle to pursue the black/white vehicle. Appellant's arrest followed.

■ Contrary to appellant's contention, the evidence clearly reveals there existed

more than a mere suspicion that a crime had been committed prior to his arrest. An actual offense was confirmed before pursuit and arrest occurred. There was probable cause for appellant's arrest because the patrolmen were in possession of facts and circumstances based upon their own observations, plus the observation by one patrolman of the residence and information from the victim of the missing property. This information was sufficient to warrant a man of reasonable caution to believe an offense had been committed and that appellant, as one ultimately arrested, was guilty of the offense. *State v. Olds,* 603 S.W.2d 501, 505 (Mo. banc 1980). When a valid arrest is made, an exception to the need for a warrant to search an automobile arises if the search is incidental to the arrest. *State v. Epperson,* 571 S.W.2d 260, 263 (Mo. banc 1978), cert. denied 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979).

In summary, the facts reveal observation of two men running to the rear of the residence at 11:47 a.m., the arrival of the patrolman at the residence, a quick search of the residence, discovery of the burglary and at 11:05 a.m., confirmation of the offense to the patrolman in the aircraft. Appellant's arrest occurred at about 11:25 a.m. some 17 miles from the scene of the crime. The evidence, contrary to appellant's contention, reveals the patrolman did not arrest appellant or conduct a search of the black/white vehicle and seize the stolen property upon suspicion, but moreover, they had probable cause to believe a crime had been committed and that appellant was guilty of having committed that offense.

There is no merit to appellant's point (2) and it is ruled against him.

Under his final point (3), appellant contends that the trial court committed plain error when it permitted, over objection, respondent to amend the information to include charges as a persistent offender on both offenses.

Appellant makes no challenge to the validity or sufficiency of the proof of prior offenses introduced by respondent. Appellant challenges the amendment of the information because the verdict had been entered by the jury and imposition of sentence made by the trial court in accordance with the verdict. Appellant premises his contention upon Rule 23.08 (regarding amendments to indictments/informations) and the former "Habitual Criminal Act", § 556.280, RSMo 1969. It is appellant's contention that the amendment violated both the rule and the statute.

Once again, the record dispels appellant's contention. The record reveals appellant was charged by an original information with burglary and stealing on October 23, 1979. On June 8, 1980, the information was amended to charge appellant as a persistent offender. Trial was had on September 8 and 9, 1980. The jury verdict was returned September 9, 1980. A sentencing hearing was held on November 12, 1980. At the sentencing hearing, the trial court announced appellant would be sentenced as a persistent offender. At this hearing, respondent asked leave and same was granted *to correct a date of a prior offense shown on the amended information.* The date on the information revealed November 2, 1965 and it was corrected to read September 23, 1965. Evidence upon the prior convictions then was introduced. As noted by the respondent, this very issue involving this same appellant and the very same prior conviction was addressed and ruled by this court in *State v. Porter,* 619 S.W.2d 892 (Mo.App.1981). This court concludes, as it did in *Porter, supra,* that authority to grant leave for such an amendment does exist and it serves no purpose in the instant case to repeat our reasons and authority upon this issue. As this court found in *Porter,* no substantial rights of appellant were prejudiced.

■ The trial court did not commit error, plain or otherwise, in permitting respondent to amend the information to correct the date of a prior conviction before proceeding to receive evidence upon the issue of appel-

lant's being charged as a persistent offender.

There is no merit to appellant's point (3) and it is ruled against him.

 Since trial and sentencing of appellant herein, our state Supreme Court has decided *State v. Thompson,* 629 S.W.2d 369 (Mo. banc 1982), and this court has handed down its decisions in *State v. Moore,* 633 S.W.2d 140 (Mo.App.1982) and *State v. Slater,* 633 S.W.2d 439 (Mo.App.1982), which address the question of extended sentences. Appellant herein has not raised the issue of the validity of his extended sentences, but as ruled in *Moore* and *Slater,* the issue is jurisdictional, and pursuant to Rule 30.20 as interpreted in *State v. Couch,* 523 S.W.2d 612, 614 (Mo.App.1975), this court is required to review the sufficiency of the sentences imposed even if not properly preserved or presented for appellate review.

Appellant's conviction on all counts is affirmed, but this cause is remanded with instructions to the trial court for the exclusive and limited purpose of resentencing consistent with the rules set forth in *Thompson, Moore, Slater* and with this opinion.

All concur.